[Civ. No. 3341. Fourth Dist. Oct. 23, 1944.]

JOHN KARALLIS, Respondent, v. PETER SHENAS, Appellant.

C. B. Smith and A. C. Finney for Appellant.

Harry W. Horton for Respondent.

BARNARD, P. J.—The defendant appeals from that portion of a judgment which awards the plaintiff $1,000 with interest. The action was one for damages for fraud and misrepresentation in connection with the sale of part or all of a restaurant business to the defendant. On a prior appeal a judgment of dismissal was reversed, this court holding that there was conflicting evidence on the material issues and that the plaintiff's cause of action was not barred either by the statute of limitations or by another rule of law there relied upon. (*Karallis* v. *Shenas*, 41 Cal.App.2d 694 [107 P.2d 395].)

The facts are rather fully set forth in our opinion on the prior appeal and need not be repeated in detail here. The plaintiff and one Callas, as copartners, operated a restaurant in a building they leased from the defendant. Callas died in May, 1931, and through proceedings in his estate the defendant purchased at least his interest in the restaurant for $1,000, taking possession in October, 1931. The plaintiff contends that through certain fraud and misrepresentation he was induced to sell and permit the sale of the business to the defendant, and to loan the defendant $1,000 with which to purchase the estate's interest in the business, on the agreement that the defendant would repay to him the $1,000 thus advanced, plus $1,059.40 owed to the plaintiff by Callas and secured by a note and chattel mortgage on the restaurant fixtures, and that he and the defendant would then operate the restaurant as equal partners.

The defendant contends that there was no such agreement; that he bought the entire business from the estate for $1,000; that he borrowed no money from the plaintiff but that the plaintiff agreed to pay him $1,000 to cancel the lease on the restaurant property, of which only $700 was actually paid; that after he acquired the sole ownership of the property the plaintiff worked for him as a cook, at first for $40 a week and later for one-half of the monthly profits; that the plaintiff quit work in November, 1932, and refused to go back; and that the plaintiff is neither entitled to any interest in the business nor to any payment.

On a retrial of the action the court found in all respects in favor of the plaintiff, and awarded him a judgment in the sum of $2,059.40, being $1,000 for the amount loaned by the plaintiff to the defendant in connection with the sale and $1,059.40 for the note and mortgage originally given by Callas

to the plaintiff, with interest on both amounts from certain dates. A new trial was granted with respect to the "mortgage" item and a judgment entered for the other $1,000 with interest, and the defendant has appealed from that portion of the judgment.

It is first contended that there is a fatal conflict in the findings in that the court has found that the defendant and a lawyer referred to in the complaint were guilty of fraud and conspiracy to cheat and defraud the plaintiff, and has at the same time found that the lawyer in question was not guilty of any fraud whatever. There is no merit in this contention. In Finding No. 1, the court found that each and all of the allegations of fifteen designated paragraphs of the complaint "are true, except as hereinafter otherwise stated or found." In the same finding the court then found that "Insofar as the acts of the attorney referred to in the complaint are concerned, the court finds that his alleged acts were done and performed in good faith and without any improper motives or fraudulently, or with any fraudulent intent or purpose." No conflict here appears and the court clearly found the allegations of fraud true as against the defendant, but not true as against this attorney.

It is next urged that the findings do not support the judgment, it being argued that plaintiff's cause of action is based principally upon an alleged conspiracy between the defendant and the lawyer in question to cheat and defraud the plaintiff, and that the plaintiff may not recover anything in the absence of a finding that this attorney participated in the conspiracy. The complaint, in fifteen long paragraphs setting forth many specific acts, charges fraud and misrepresentation on the part of the defendant. Incidentally, and in a few lines in two of the paragraphs, the complaint alleges that the defendant had "connived" with the attorney in question and that the defendant and said attorney had conspired together to make these representations, but even in that connection it is alleged that the handling of this transaction by this attorney was a part of a scheme on the part of this defendant to cheat and defraud the plaintiff, and that the entire matter was carried out by the defendant without any intention of carrying out the transaction and that the actual intent of the defendant during all of the time was to get possession of the restaurant for himself alone without paying anything there-

for. The use of the words "connived" and "conspired" was incidental and the action was clearly based on charges of fraud and misrepresentation on the part of the defendant. The findings in that connection are entirely sufficient to support the judgment.

It is next argued that the plaintiff's cause of action is barred by the statute of limitations. This is based on the contention that the plaintiff discovered that a fraud had been practiced on him a few days after the defendant bought the restaurant in 1931, instead of when he was locked out of the restaurant in 1932, as claimed by the plaintiff. As pointed out in our opinion on the prior appeal, there was then a conflict in the evidence in this regard on which this court based its holding that the action was not barred by the running of the statute of limitations. It is now contended that further evidence was received on the retrial which conclusively shows that the plaintiff was told by the defendant about four or five months after the defendant purchased the restaurant that he had no interest in the place. This is based upon a portion of the testimony in which the plaintiff testified that on several occasions the defendant had told him that he had no interest in the place. In response to a question as to the first time this occurred, "How long after the Court order?" the respondent replied: "Four or five months after that." There had been a lot of court orders both in the probate proceeding, in this action and in an action which preceded it. In looking at the context it does not appear that the plaintiff understood which court order the question referred to. On the other hand, there is a great deal of evidence justifying the finding and conclusion that the defendant throughout most of the year 1932 permitted the plaintiff to continue in the restaurant, sharing the profits; that the defendant and his wife continued to assure the plaintiff that arrangements would be and were being made to pay him the amounts which had been promised him; and there is direct and positive evidence that plaintiff's claims were in no way repudiated by the defendant until November, 1932, at which time the plaintiff met with an automobile accident. While he was laid up the defendant changed the lock on the door of the restaurant, and thereafter the defendant refused to recognize the plaintiff's claims either as to payment or as to an interest in the business. While the evidence is conflicting it supports the court's finding in this regard.

■ Finally, it is contended that the evidence is not sufficient to support a finding to the effect that the defendant obtained $1,000 (or any other sum) from the plaintiff through a fraudulent scheme for the purchase of the restaurant. It is argued that the defendant received from the plaintiff only $700 and that this was paid in connection with an agreement by the plaintiff to pay $1,000 in consideration of the defendant's releasing him from any further liability on the original lease for the restaurant property, and cancelling that lease. In this matter again the defendant relies upon portions of the evidence and overlooks other portions. There is ample evidence in the record that the plaintiff advanced to the defendant $1,100 in this connection, of which $100 was used to pay the fee of the attorney referred to in the complaint and the remaining $1,000 was used by the defendant to purchase the interest of the estate in the partnership property. While the evidence is conflicting with respect to the circumstances and purpose under and for which this money was paid, as it is in connection with nearly every material issue, it is entirely sufficient to support the court's finding.

The portion of the judgment appealed from is affirmed.

Marks, J., and Griffin, J., concurred.