[Civ. No. 3939.   Fourth Dist.   Apr. 28, 1950.]

JOHN KARALLIS, Appellant, v. PETER SHENAS, Respondent.

Harry W. Horton and R. L. Knox, Jr., for Appellant.

C. B. Smith and A. C. Finney for Respondent.

GRIFFIN, J. — This action was before this court on two prior appeals.   (*Karallis* v. *Shenas,* 41 Cal.App.2d 694 [107 P.2d 395], involving a nonsuit judgment of dismissal; and *Karallis* v. *Shenas,* 66 Cal.App.2d 475 [152 P.2d 499], in which the facts are rather fully stated.)   Suffice to say that the plaintiff and one Callas, as copartners, operated a restaurant in a building they leased from the defendant.   Callas died in 1931, and through the estate proceedings defendant purchased at least his interest in the restaurant for $1,000. Plaintiff contended that through certain fraud and misrepresentation he was induced to sell and permit the sale of the business to defendant and to loan the defendant $1,000 with which to purchase the estate's interest in the business, on the agreement that the defendant would repay him the $1,000 plus $1,059.40 owed to the plaintiff by Callas and secured by a note and chattel mortgage on the restaurant fixtures,

and that he and the defendant would then operate the restaurant as equal partners. Defendant contended that there was no such agreement; that he bought the entire business from the estate for $1,000; that he borrowed no money from plaintiff but that plaintiff agreed to pay him $1,000 to cancel the lease on the restaurant property, of which only $700 was actually paid.

The complaint alleged that defendant procured a loan of $1,000 from the plaintiff; that through fraud or misrepresentation plaintiff was induced to transfer to defendant his interest in a restaurant business, including the fixtures; that Callas owed plaintiff $1,059.40 on a note secured by chattel mortgage on his interest in the restaurant fixtures; that defendant, in consideration of his desire to enter into a partnership with plaintiff in operating the restaurant, orally agreed to pay said note and mortgage. It is then alleged that by reason of these facts and the failure of said defendant to pay said sums, plaintiff was damaged in the sum of $5,000. After the first appeal above mentioned, the trial court (Judge Leonard) found in all respects in favor of the plaintiff and awarded him a judgment in the sum of $2,059.40, being $1,000 for the loan by the plaintiff to the defendant in connection with the sale, and $1,059.40 for the note and mortgage originally given by Callas to the plaintiff, with interest on both amounts.

On motion of defendant, a new trial was granted with respect to the mortgage item in the following language:

"The motion . . . is . . . granted as to the issue relating to the item of $1050.40 referred to in the plaintiff's complaint, and which relates to the chattel mortgage and note . . . upon the ground of the insufficiency of the evidence to justify the decision filed herein; and the judgment is hereby modified by reducing the amount thereof to $1,000 with interest. . . ."

On appeal by defendant the portion of the judgment awarding plaintiff $1,000 plus interest was affirmed and this amount was subsequently paid by him. As to the "mortage" item on a new trial had before Judge Mussell, it was plaintiff's position that he was not limited to the one item pertaining to the mortgage but had the right to offer additional evidence as to the damages he claimed by reason of the fraud of the defendant in converting plaintiff's one-half interest in the business and the assets of the partnership to himself, since

the trial court did not, by the portion of the judgment that was affirmed, dispose of that issue.

Defendant claims that the $1,000 allowed plaintiff included all claims for general damages and that that issue was disposed of by the judgment allowing plaintiff $1,000 plus $900 interest, from which plaintiff did not appeal, and that the new trial was therefore limited to the one issue, i. e., the recovery of the $1,059.40, predicated on the claimed oral promise to pay plaintiff the amount of the Callas note and mortgage. On the new trial Judge Mussell confined proof of the issue accordingly, and found that defendant did not orally agree to pay to plaintiff the amount of said note and mortgage, refused to hear any testimony in respect to any other claimed damage and rendered judgment for defendant on that issue. Plaintiff appeals from this judgment.

At the hearing before Judge Mussell, it was stipulated that the issues be submitted to the court upon the reporter's transcript of the trial upon which judgment was originally rendered, the clerk's transcript, exhibits, the reporter's transcript upon the pleadings on the motion for new trial, the reported statements of counsel and their briefs, and the deposition of Mrs. Shenas taken after the rendition of the former judgment. That deposition merely bore upon the question as to whether or not the defendant orally promised to pay plaintiff the amount of the note and mortgage above mentioned. The evidence on that question was conflicting but was sufficient to support the finding that defendant did not agree to assume this liability. Plaintiff does not question this finding on appeal but argues that since the original findings determined that Shenas had been guilty of fraud in obtaining the property in question, and since he was allowed no damages for this fraud and for the conversion of the partnership assets in that portion of the judgment that was affirmed, he had the right to have that question determined on the new trial and that the order granting a new trial pertaining to the mortgage in the sum of $1,059.40 did not preclude him from presenting that issue at the new trial; that if he is limited in the new trial, as contended, he, in effect, is denied any damage for this item because the item allowed in the first judgment pertained only to the claimed loan of $1,000 plus interest.

In the original action plaintiff claimed a total damage in the sum of $5,000, which claim was made up of the amount claimed to have been loaned to defendant, the amount due on the chattel mortgage, and the value of the business and assets.

It is apparent from the findings and the face of the original judgment that the trial court did not allow or refused to allow any damages to plaintiff in addition to the sum of $1,000 for the loan, plus interest and the amount of the chattel mortgage which was in the sum of $1,059.40. The reason why Judge Leonard refused to or refrained from allowing any additional damages for the claimed conversion of the business and its assets does not appear from the record. There was evidence offered on the first hearing as to its value. It was the contention of the defendant that the fixtures and equipment and property was of little or no value; that plaintiff was obligated under a most expensive lease which graduated in price over a particular term of months; that the lease was a liability rather than an asset; and that the business was operating at a loss. Plaintiff produced testimony to the contrary. The conclusion is, from the wording of the order granting the new trial, that the trial court refused to allow plaintiff damages for this item, or that said damages, if any, were included in the item allowed. Since plaintiff did not appeal from that portion of the judgment and it became final, he cannot now be heard to complain. (*Gill* v. *Peppin,* 41 Cal. App. 487 [182 P. 815].)

On a motion for new trial, where there are several issues of fact which are distinct and separable, as there were in the case before Judge Leonard, the court is authorized to grant a new trial as to one issue only, and deny the motion as to all other issues and when such a new trial is granted it opens for examination all of the facts and circumstances relative to that one issue and as to other issues there shall be no retrial or examination of the facts. (*Johnstone* v. *Johnson,* 38 Cal.App.2d 700 [102 P.2d 374]; *Estate of Everts,* 163 Cal. 449 [125 P. 1059]; *Henslee* v. *Fox,* 25 Cal.App.2d 286 [77 P.2d 307]; *Adams* v. *Hildebrand,* 51 Cal.App.2d 117 [124 P. 2d 80]; *Crandall* v. *McGrath,* 51 Cal.App.2d 438 [124 P.2d 858].)

Judgment affirmed.

Barnard, P. J., concurred.

Mr. Justice Mussell, being disqualified, did not participate herein.

A petition for a rehearing was denied May 26, 1950, and appellant's petition for a hearing by the Supreme Court was denied June 26, 1950. Schauer, J., voted for a hearing.