[No. A133824. First Dist., Div. Five. Oct. 29, 2012.]

RAMZY AYYAD et al., Plaintiffs and Respondents, v.
SPRINT SPECTRUM, L.P., Defendant and Appellant.

## Counsel

McGuireWoods, A. Brooks Gresham, Charles H. Abbott, Arsen Kourinian; Kelley Drye & Warren and Joseph A. Boyle for Defendant and Appellant.

Bramson, Plutzik, Mahler & Birkhaeuser, Alan R. Plutzik, Jennifer Rosenberg; Bursor & Fisher, Scott A. Bursor, L. Timothy Fisher; Franklin & Franklin and J. David Franklin for Plaintiffs and Respondents.

## Opinion

NEEDHAM, J.—In *Cellphone Termination Fee Cases* (2011) 193 Cal.App.4th 298 [122 Cal.Rptr.3d 726] we affirmed a December 2008

judgment in favor of plaintiffs[1] in this long-running class action against Sprint Spectrum, L.P. (Sprint). We also affirmed the trial court's order granting Plaintiffs a partial new trial on the issue of Sprint's actual damages and the calculation of a setoff to which Sprint might be entitled. (*Id.* at pp. 303, 330.) In our disposition, we remanded for further proceedings limited to those issues. (*Id.* at p. 330.)

When the matter returned to the trial court, Sprint moved to compel arbitration of all of the named plaintiffs' claims, the very same claims that had been resolved by our affirmance of the December 2008 judgment. The trial court refused to entertain Sprint's motion. It ruled that its jurisdiction on remand was restricted to the issues specified in the dispositional language of our earlier opinion.

Sprint now appeals from the denial of its motion to compel arbitration. We conclude that the trial court properly refused to hear Sprint's motion, because doing so would have exceeded its jurisdiction on remand. Accordingly, we affirm the trial court's order denying the motion to compel arbitration.

### FACTUAL AND PROCEDURAL BACKGROUND

Our opinion in *Cellphone Termination Fee Cases, supra,* 193 Cal.App.4th 298 contains a detailed description of the history of this litigation. We refer the reader to that opinion for a full statement of the facts. (See *id.* at pp. 303–309.) We summarize here only the events relevant to the issues presented by the current appeal.

#### Initial Litigation in the Trial Court

Plaintiffs filed their initial complaint in this action in Alameda County Superior Court in July 2003. They alleged that Sprint's flat early termination fees (ETF's) violated California's Consumers Legal Remedies Act (CLRA), Civil Code section 1750 et seq., and unfair competition law (UCL), Business and Professions Code section 17200 et seq., and that the ETF's were unauthorized penalties under Civil Code section 1671. (*Cellphone Termination Fee Cases, supra,* 193 Cal.App.4th at pp. 303–304.) In June 2005, Plaintiffs filed a third consolidated amended complaint including additional causes of action for unjust enrichment and money had and received. (*Id.* at p. 304 & fn. 8.) In its answer to that complaint, Sprint asserted a number of affirmative defenses, including setoff and arbitrability.

In June 2006, the trial court certified Plaintiffs' claims as a class action on behalf of an "ETF Payer Class." The court defined the class as " ' "[a]ll

---

[1] The named plaintiffs and class representatives are Ramzy Ayyad, Jeweldean Hull, Christine Morton, Richard Samko, and Amanda Selby (hereafter Plaintiffs).

persons who (1) had a wireless telephone personal account with [Sprint] with a California area code and a California billing address[] who (2) cancelled the account at any time from July 23, 1999, through [March 18, 2007], and (3) were charged an early termination fee in connection with that cancellation." ' " (*Cellphone Termination Fee Cases, supra,* 193 Cal.App.4th at p. 304.) "The class certification was 'expressly predicated' on an 'aggregate approach to monetary relief and the related setoff and cross-claim issues.' Thus, if the ETF's were found to be illegal and unenforceable, [Sprint] would still potentially be entitled to offset against any class recovery for [its] actual damages in the form of lost profits." (*Ibid.,* fn. omitted.)

Sprint was permitted to file a cross-complaint for breach of contract seeking monetary damages and equitable relief against the named plaintiffs and putative class members in the event the ETF's were found to be unenforceable penalties. (*Cellphone Termination Fee Cases, supra,* 193 Cal.App.4th at pp. 304–305.) The trial court declined to certify a cross-defendant class, because it determined that if Sprint prevailed on its cross-complaint, it would be entitled only to setoff and not to affirmative relief. (*Id.* at p. 305.)

The court below decided there should be a single trial before the court and jury, with the judge and jury each deciding different issues. (*Cellphone Termination Fee Cases, supra,* 193 Cal.App.4th at p. 305.) On the issue of damages, Plaintiffs would present aggregate damages calculations for their class claims to the jury, which would then determine the aggregate amount owed to Plaintiffs. (*Id.* at p. 304, fn. 7.) Similarly, Sprint would present to the jury its aggregate damages calculations for its cross-claims against Plaintiffs as a class, and the jury would state the amount members of the class might owe Sprint. (*Ibid.*) The trial court would then set off the two numbers. (*Ibid.*) If the net amount was " 'a positive for Plaintiffs,' " the court would enter judgment in that amount. If the net amount was " 'zero or a negative for the Plaintiffs,' " the court would enter a judgment of zero in favor of Plaintiffs. (*Ibid.*) Sprint would not " 'be permitted to recover money from the Plaintiff/Cross-Defendant class.' " (*Ibid.*)

### The Verdict, Statement of Decision, and Judgment

After a month-long trial, Plaintiffs prevailed on all of their legal claims. (*Cellphone Termination Fee Cases, supra,* 193 Cal.App.4th at p. 308.) The trial court concluded that Sprint's flat ETF's were unenforceable contractual penalties under Civil Code section 1671, subdivision (d). (193 Cal.App.4th at p. 308.) On the basis of that conclusion, it found Plaintiffs had also prevailed on their claims for violation of the CLRA and UCL, as well as on their claims for unjust enrichment and money had and received. (193 Cal.App.4th at

p. 308.) The jury determined the total amount of ETF's that Plaintiffs had paid to Sprint was $73,775,975, and the trial court ruled Plaintiffs were entitled to restitution in that amount. (*Id.* at pp. 307, 308.) The jury also found that Plaintiffs had breached their contracts with Sprint and that the early termination of those contracts had caused Sprint damages of $225,697,433. (*Id.* at p. 307.)

Although it determined that Plaintiffs were entitled to restitution of the collected ETF's, the trial court also ruled that this amount was subject to a setoff for Sprint's cross-claims. (*Cellphone Termination Fee Cases, supra*, 193 Cal.App.4th at p. 308.) After setting off Plaintiffs' recovery against Sprint's damages on its cross-claims, Sprint's resulting net recovery was $151,921,458. In accordance with its earlier order, the court reduced Sprint's recovery to zero. (*Ibid.*) The court's grant of injunctive relief was unaffected. (*Ibid.*)

On December 24, 2008, the trial court entered a judgment reflecting these determinations. (*Cellphone Termination Fee Cases, supra*, 193 Cal.App.4th at p. 308.) The court later granted in part Plaintiffs' motion for a new trial, ordering a new trial on the amount of Sprint's actual damages under its cross-claims and on the court's calculation of the setoff. (*Id.* at pp. 308–309.)

*The Prior Appeals*

Sprint appealed from the December 24, 2008 judgment entered on the trial court's statement of decision (appeal No. A124077) and from the order granting a new trial (appeal No. 124095). (*Cellphone Termination Fee Cases, supra*, 193 Cal.App.4th at p. 309.) Plaintiffs then filed an appeal from the December 24, 2008 judgment (appeal No. A125311), including the portion of the jury's verdict finding that Plaintiffs had breached their contracts with Sprint. (193 Cal.App.4th at p. 309.) We consolidated the three appeals.

We filed our opinion on March 3, 2011. In the published portion, we disagreed with Sprint's argument that Plaintiffs' claims were preempted by federal law. (*Cellphone Termination Fee Cases, supra*, 193 Cal.App.4th at pp. 303, 309–321.) We also rejected Sprint's challenge to the trial court's finding that the flat ETF's were unlawful penalties under Civil Code section 1671, subdivision (d). (193 Cal.App.4th at pp. 321–329.) In the unpublished portions of our opinion we resolved issues raised by Plaintiffs' appeal. Significantly, we also disagreed with Sprint's contention that the trial court had abused its discretion in granting a new trial on the issue of damages.

We affirmed the trial court "in all respects." (*Cellphone Termination Fee Cases, supra*, 193 Cal.App.4th at p. 303.) In our disposition, we stated: "The

judgment of the trial court is affirmed. The matter is remanded for retrial on the issue of Sprint's damages, and the calculation of any offset to which Sprint may be entitled. Neither party shall recover costs on this appeal." (*Id.* at p. 330.)

Sprint sought review of our decision in the California and United States Supreme Courts, but both high courts declined to hear the case. (*Cellphone Termination Fee Cases, supra*, 193 Cal.App.4th 298, review den. June 15, 2011, S192165; *Sprint Spectrum, L.P. v. Ayyad* (2011) 565 U.S. ___ [181 L.Ed.2d 397, 132 S.Ct. 555].) We issued our remittitur on July 7, 2011.

On April 27, 2011, while Sprint's petition for review to the California Supreme Court was pending, the United States Supreme Court decided *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. ___ [179 L.Ed.2d 742, 131 S.Ct. 1740] (*Concepcion*).[2] Sprint did not bring *Concepcion* to our attention or to the attention of either of the higher courts before we issued our remittitur.[3]

### Sprint's Motion to Compel Arbitration

Two months after we issued our remittitur, Sprint moved to compel individual bilateral arbitration of the named Plaintiffs' claims. Sprint argued that *Concepcion* required the trial court to order arbitration. It asserted that "all claims between Plaintiffs and Sprint regarding their subscriber agreements or Sprint service" fell within the scope of the arbitration provisions included in the named Plaintiffs' subscriber agreements with Sprint. Sprint claimed it had not sought arbitration earlier because "any such attempt would have been futile." Sprint contended that, prior to *Concepcion*, it had lacked an existing right to enforce the arbitration provisions of its subscriber agreements. While Sprint argued that its prior defense of Plaintiffs' claims in court was not inconsistent with the right to arbitrate, Sprint made only a passing

---

[2] Our colleagues in Division One recently summarized the holding of *Concepcion* as follows: "*Concepcion* expressly overruled *Discover Bank v. Superior Court* (2005) 36 Cal.4th 148 [30 Cal.Rptr.3d 76, 113 P.3d 1100] (*Discover Bank*), which had adopted a rule permitting the plaintiffs in certain consumer class action cases to demand classwide arbitration notwithstanding express class arbitration waivers in their arbitration agreements. (*Concepcion*, [*supra*, 563 U.S.] at pp. ___–___, ___ [131 S.Ct. at pp. 1750–1751, 1753].) *Concepcion* held the so-called *Discover Bank* rule was preempted by the FAA because '[r]equiring the availability of classwide arbitration interferes with fundamental attributes of arbitration and thus creates a scheme inconsistent with the FAA.' (*Concepcion*, [*supra*, 563 U.S.] at pp. ___, ___ [131 S.Ct. at pp. 1748, 1753].) Under the FAA, classwide arbitration cannot be imposed on a party who never agreed to it, as the *Discover Bank* rule requires. (*Concepcion*, [*supra*, 563 U.S. at pp. ___–___ [131 S.Ct. at pp. 1750–1751]].)" (*Nelsen v. Legacy Partners Residential, Inc.* (2012) 207 Cal.App.4th 1115, 1131 [144 Cal.Rptr.3d 198].)

[3] Sprint's petition for writ of certiorari in the United States Supreme Court, filed September 13, 2011, cited *Concepcion* only once and only in support of Sprint's federal preemption argument.

allusion to our opinion in *Cellphone Termination Fee Cases*, and it did not discuss the effect of that decision on its motion to compel.

### The Trial Court's Ruling

The trial court denied Sprint's motion to compel arbitration. It first found it lacked jurisdiction to hear the motion. Relying on the language of our disposition in *Cellphone Termination Fee Cases, supra*, 193 Cal.App.4th 298, which had remanded the matter "for retrial on the issue of Sprint's damages, and the calculation of any offset to which Sprint may be entitled" (*id.* at p. 330), the trial court concluded its jurisdiction was limited by the scope of our remand, and thus it had no authority to retry other issues or to make other findings. The court found the limitation on its jurisdiction was "particularly clear in this case because [its] decision on the claims of the Sprint ETF Payer class was affirmed in its entirety and is res adjudicata."

The trial court also noted that the issues on remand related only to Sprint's damages on its cross-claims and to the resulting offset calculation. The court explained that even if it were jurisdictionally permissible for it to compel arbitration of Sprint's cross-claims while leaving judgment on the class claims intact, Sprint had not sought that relief.[4]

Sprint filed an appeal from the order denying its motion to compel arbitration. On the same day, it moved for a stay all proceedings pending resolution of its appeal. Over Plaintiffs' opposition, the trial court granted Sprint's motion for a stay.

### DISCUSSION

Sprint's opening brief points to a number of claimed errors in the trial court's order denying the motion to compel arbitration, but Sprint scarcely acknowledges the trial court's principal rationale, which was that our remittitur in the prior appeal deprived it of jurisdiction to order relitigation of Plaintiffs' claims. While Sprint's opening brief largely ignores this issue, we find it dispositive.

---

[4] As an alternative ground for its decision, the trial court found Sprint had lost its right to contractual arbitration. Weighing the factors set out in *St. Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187 [8 Cal.Rptr.3d 517, 82 P.3d 727], the trial court concluded that the litigation machinery had been substantially invoked, that important intervening steps—such as class certification and extensive discovery—had taken place, and that the delay in seeking arbitration had prejudiced the absent members of the Sprint ETF Payer class. (See *id.* at p. 1196.)

## I. *Standard of Review*

The trial court's determination that it lacked jurisdiction to hear Sprint's motion to compel arbitration was based on its reading of the dispositional language in our prior opinion. (See *Cellphone Termination Fee Cases, supra,* 193 Cal.App.4th at p. 330.) Whether the trial court correctly interpreted our opinion is an issue of law subject to de novo review. (See *South Atlantic Limited Partnership v. Riese* (4th Cir. 2004) 356 F.3d 576, 583 [district court's interpretation of appellate court's mandate subject to de novo review]; see also *Leese v. Clark* (1865) 28 Cal. 26, 36 [whether judgment of lower court was entered in accordance with mandate of Supreme Court is question of law, not fact]; *In re Groundwater Cases* (2007) 154 Cal.App.4th 659, 674 [64 Cal.Rptr.3d 827] [interpretation of appellate court's opinion presents issue of law].)

Our remittitur directions are contained in the dispositional language of our previous opinion. (*Frankel v. Four Star International, Inc.* (1980) 104 Cal.App.3d 897, 902 [163 Cal.Rptr. 902] (*Frankel*).) The trial court's interpretation of those directions is not binding on us. (*Id.* at p. 901.) We look to the wording of our directions to determine whether the trial court's order comports with them. (See *Bach v. County of Butte* (1989) 215 Cal.App.3d 294, 302 [263 Cal.Rptr. 565] (*Bach*).) When, as in this case, the reviewing court remands the matter for further proceedings, its directions must be read in conjunction with the opinion as a whole. (*Ibid.*)

## II. *Law Governing the Trial Court's Jurisdiction on Remand*

"A reviewing court has authority to 'affirm, reverse, or modify any judgment or order appealed from, and may direct the proper judgment or order to be entered, or direct a new trial or further proceedings to be had.' (Code Civ. Proc., § 43.) The order of the reviewing court is contained in its remittitur, which defines the scope of the jurisdiction of the court to which the matter is returned." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 701 [107 Cal.Rptr.2d 149, 23 P.3d 43] (*Griset*); accord, *Snukal v. Flightways Manufacturing, Inc.* (2000) 23 Cal.4th 754, 774, fn. 5 [98 Cal.Rptr.2d 1, 3 P.3d 286] ["the terms of the remittitur define the trial court's jurisdiction to act"].) "The trial court is empowered to act only in accordance with the direction of the reviewing court; action which does not conform to those directions is void." (*Hampton v. Superior Court* (1952) 38 Cal.2d 652, 655 [242 P.2d 1].)

As the language of the cited cases indicates, the rule requiring a trial court to follow the terms of the remittitur is jurisdictional in nature. (*People v. Dutra* (2006) 145 Cal.App.4th 1359, 1367 [52 Cal.Rptr.3d 528] (*Dutra*).) The issues

the trial court may address in the remand proceedings are therefore limited to those specified in the reviewing court's directions, and if the reviewing court does not direct the trial court to take a particular action or make a particular determination, the trial court is not authorized to do so. (*Bach, supra*, 215 Cal.App.3d at pp. 302, 303, 304; accord, *Hanna v. City of Los Angeles* (1989) 212 Cal.App.3d 363, 376 [260 Cal.Rptr. 782] (*Hanna*) [where on prior appeal reviewing court did not direct trial court on remand to determine whether statutory violations had occurred, any such determination would be in excess of jurisdiction on remand].)

On remand, the trial court must adhere to the reviewing court's directions even if the lower court is convinced the appellate court's decision is wrong or has "been impaired by subsequent decisions." (*Dutra, supra*, 145 Cal.App.4th at p. 1367.) The directions must be followed even if the judgment on which the Court of Appeal's decision is based is unquestionably legally erroneous. (*Skaggs v. City of Los Angeles* (1956) 138 Cal.App.2d 269, 272 [291 P.2d 572] (*Skaggs*) [original judgment erroneously awarding the plaintiff interest was affirmed on appeal; on remand trial court lacked jurisdiction to determine issue of interest or other matters concluded by original judgment].) In short, when an appellate court remands a matter with directions governing the proceedings on remand, "those directions are binding on the trial court and *must* be followed. Any material variance from the directions is unauthorized and void." (*Butler v. Superior Court* (2002) 104 Cal.App.4th 979, 982 [128 Cal.Rptr.2d 403] (*Butler*).

III. *The Trial Court Correctly Concluded It Could Not Entertain Sprint's Motion to Compel Arbitration of the Controversy.*

In applying the principles set forth in the preceding part to the case before us, we examine the judgment and order we reviewed in our earlier opinion, and then we consider the effect of our affirmance. Finally, we look to the directions we gave the trial court concerning the nature of the proceedings on remand.

A. *The Judgment and the Effect of Our Prior Opinion*

The trial court entered a judgment in favor of Plaintiffs on their claims under the CLRA, the UCL, and Civil Code section 1671, as well as on the claims for unjust enrichment and money had and received. It granted Plaintiffs' motion for a new trial in part, and ordered a retrial of Sprint's actual damages and the setoff calculation. Both Plaintiffs and Sprint appealed from the judgment, and Sprint appealed from the order granting a new trial. We affirmed "in all respects." (*Cellphone Termination Fee Cases, supra*, 193 Cal.App.4th at p. 303.) Thus, we upheld both the trial court's judgment and

its order granting a partial new trial on the issue of actual damages and the setoff calculation. (*Id.* at pp. 309, 330.) After Sprint exhausted all avenues of further appellate review, our opinion became final and our remittitur issued. At that point, the issues adjudicated by the judgment were conclusively determined. (See *Rice v. Schmid* (1944) 25 Cal.2d 259, 262–263 [153 P.2d 313] [Supreme Court's opinion in prior appeal determined issues of contract interpretation and left for trial court only issue of damages]; *Puritan Leasing Co. v. Superior Court* (1977) 76 Cal.App.3d 140, 148–149 [142 Cal.Rptr. 676] (*Puritan Leasing*) [prior Supreme Court opinion conclusively determined issues relating to validity of lease and defendants could not relitigate those issues on remand].)

■ Our affirmance of the judgment in *Cellphone Termination Fee Cases* was unqualified, and "[a]n unqualified affirmance 'ordinarily sustains the judgment and ends the litigation.' [Citation.]" (*Griset, supra*, 25 Cal.4th at p. 701.) There are, however, some exceptions to this rule, one of which concerns us here. Because affirmance of a new trial order results in a retrial, it does not end the proceedings. (See Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2012) ¶ 11:50, pp. 11-17 to 11-18 (rev. # 1, 2011).) According to Witkin, "[w]here the appeal is taken from an order granting a new trial . . . , affirmance sets the case at large for retrial *pursuant to the order affirmed.*" (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 853, p. 917, italics added, citation omitted.) As a result, our affirmance left for retrial the issues identified in the order granting a new trial.

Here the lower court ordered a new trial only on the issue of Sprint's actual damages and the setoff calculation. (*Cellphone Termination Fee Cases, supra*, 193 Cal.App.4th at p. 309.) If an order grants a new trial as to a single issue, "it opens for examination all of the facts and circumstances relative to that one issue and as to other issues there shall be no retrial or examination of the facts." (*Karallis v. Shenas* (1950) 97 Cal.App.2d 280, 283 [217 P.2d 436].) A new trial order limited to certain issues vacates only the portion of the judgment pertaining to those issues, while "the portion of the judgment pertaining to the unaffected issues remains in place and becomes final once the time for appeal passes." (*Pelletier v. Eisenberg* (1986) 177 Cal.App.3d 558, 563 [223 Cal.Rptr. 84].) In the case before us, the parties did appeal from the December 24, 2008 judgment, but because we affirmed that judgment, it became final as to the issues unaffected by the new trial order. (See *Skaggs, supra*, 138 Cal.App.2d at p. 272 [where judgment was largely affirmed on appeal, its binding effect was "no different than if the city had not prosecuted its appeal from that judgment"]; cf. *Puritan Leasing, supra*, 76 Cal.App.3d at p. 149 [Supreme Court's reversal and remand with directions conclusively determined issues decided in Supreme Court's opinion].)

Consistent with our affirmance of the new trial order, our directions on remand restricted the issues to be retried to those identified in that order. Consequently, the trial court's jurisdiction on remand was limited to retrying the issue of Sprint's damages and calculating any setoff. The trial court's jurisdiction did not extend to issues outside the scope of our directions. (*Rice v. Schmid, supra,* 25 Cal.2d at p. 263 [where retrial limited to damages only, trial court should not have considered issues relating to interpretation of contract, which had been construed in prior appeal]; *Bell v. Farmers Ins. Exchange* (2006) 135 Cal.App.4th 1138, 1144 [38 Cal.Rptr.3d 306] [prior appeal affirmed judgment in all respects save for portion awarding certain damages; trial court properly concluded it had no jurisdiction on remand to modify prejudgment interest rate].) By refusing to consider Sprint's motion to compel arbitration, the trial court did no more than comply scrupulously with our remand directions. It therefore did not err.

### B. *Remand for Retrial on Damages Does Not Expand the Scope of the Trial Court's Jurisdiction.*

In its reply brief, Sprint attempts to justify retrial of the issues determined by our prior opinion. Its arguments are untenable. It contends the new trial ordered by the trial court "will cover numerous issues in controversy between Plaintiffs and Sprint," and it asserts that because the trial court has reacquired jurisdiction to conduct the trial, the trial court's jurisdiction extends even to pretrial motions, including a motion to compel bilateral arbitration. Indeed, Sprint goes so far as to claim that "[t]here was no specific direction from this Court with respect to the conduct of the new trial."

We find it difficult to take this last argument seriously. Counsel for Sprint cannot be unaware of the very specific directions our prior opinion gave regarding the remand proceedings.[5] (*Cellphone Termination Fee Cases, supra,* 193 Cal.App.4th at p. 330.) The directions are set out in our disposition. (*Frankel, supra,* 104 Cal.App.3d at p. 902.) Since the disposition did not authorize retrial of any issues other than Sprint's actual damages and the setoff calculation, the trial court could not have entertained Sprint's motion to

---

[5] We are extremely troubled by Sprint's argument on this point, for it rests on a refusal to acknowledge the very obvious limitations our prior opinion imposed on the remand proceedings in this case. "In view of the precise limitation of the remand . . . , [Sprint's] arguments are spurious." (*Tsarnas v. Bailey* (1962) 205 Cal.App.2d 593, 595–596 [23 Cal.Rptr. 336].) Also troubling is Sprint's citation of *Hilton v. McNitt* (1962) 200 Cal.App.2d 879 [19 Cal.Rptr. 688] to support its claim that the trial court reacquired jurisdiction to determine issues other than those specified in our disposition. Sprint's counsel fail to explain that in *Hilton v. McNitt,* the prior appellate disposition was "a flat reversal, which connotes a right to a new trial" and leaves the parties in the same position as if the case had never been tried. (*Id.* at p. 884.) That is clearly not the situation before us, and counsel for Sprint should have noted that key factual distinction. (See *In re S.C.* (2006) 138 Cal.App.4th 396, 417 [41 Cal.Rptr.3d 453].)

compel arbitration. (See *Butler, supra,* 104 Cal.App.4th at p. 982 [where appellate court reversed judgment and remanded with directions to enter judgment in accordance with evidence presented at default prove-up hearing, trial court could not reconsider order entered prior to original judgment]; *Bach, supra,* 215 Cal.App.3d at pp. 303, 304 [affirming trial court's refusal to hold evidentiary hearing on remand where prior opinion of Court of Appeal did not direct or authorize trial court to hold such hearing]; *Hanna, supra,* 212 Cal.App.3d at p. 376 [affirming trial court's refusal to take evidence on question determined by prior appeal, because "such a determination would have been in excess of the trial court's jurisdiction on remand and void"].)

 Sprint also contends that because no part of our prior opinion addressed arbitration, the trial court therefore has "wide jurisdiction to deal with pretrial matters including a motion to compel arbitration." Sprint misconceives the nature of the rule requiring the trial court to adhere strictly to the directions of the reviewing court. The lower court has jurisdiction to consider *only* those issues specified in our disposition. That we did not expressly comment on the issue of arbitration does not render that fundamental rule inapplicable.[6] (See *Skaggs, supra,* 138 Cal.App.2d at pp. 272–273.) It is unnecessary and inappropriate for an appellate court to attempt to envision and to set forth in detail the entire universe of matters prohibited by its directions on remand. Acceptance of Sprint's position would mean the lower court would be free to reopen any issue not specifically foreclosed by the reviewing court's remittitur directions. The case law is clear, however, that the trial court's jurisdiction on remand extends only to those issues on which the reviewing court *permits* further proceedings. (E.g., *Bach, supra,* 215 Cal.App.3d at pp. 303, 304; *Hanna, supra,* 212 Cal.App.3d at p. 376.) The trial court may not expand the issues on remand to encompass matters outside the scope of the remittitur merely because the reviewing court has not expressly forbidden the trial court from doing so.[7] (See *MHC Financing Limited Partnership Two v. City of Santee* (2010) 182 Cal.App.4th 1169, 1174, fn. 3, 1175, fn. 4 [107 Cal.Rptr.3d 87].)

 Sprint contends there is no basis to exclude from the trial court's jurisdiction a pretrial motion on whether the entire controversy should be arbitrated on a bilateral basis. As we have already explained, the basis for excluding such a pretrial motion from the trial court's remand jurisdiction is

---

[6] We note that Sprint had the opportunity to ask the appellate courts to address the question of arbitrability generally, and to ask that they specifically consider whether *Concepcion* required the arbitration of Plaintiffs' claims. While its petition for review was pending, Sprint could certainly have requested that the California Supreme Court examine the effect, if any, of *Concepcion* on this case.

[7] Of course, "[i]f a remittitur is *ambiguous,* the trial court can interpret it in light of the law and the appellate opinion to determine its duties. [Citation.] Here, however, the remittitur was not ambiguous." (*Dutra, supra,* 145 Cal.App.4th at p. 1368.)

the limitation of issues specified in the disposition in our prior opinion. Our directions permitted the trial court to take the steps necessary to adjudicate the issues of Sprint's damages and the setoff calculation; they "did not leave open the option of reconsidering prior rulings or reopening the case on the facts and allowing a trial." (*Butler, supra*, 104 Cal.App.4th at p. 982.) We directed the trial court to retry certain limited issues, and we did not permit the trial court to entertain Sprint's motion to compel arbitration. The trial court correctly rejected Sprint's 11th-hour attempt to undo the result of years of litigation.[8]

DISPOSITION

The order denying Sprint's motion to compel arbitration is affirmed. We remand the matter to the trial court so that it may conduct further proceedings in accordance with the directions in our prior opinion. Plaintiffs shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

Jones, P. J., and Simons, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 13, 2013, S207162.

---

[8] Our resolution of the appeal renders moot Sprint's April 10, 2012 request for judicial notice. It is denied on that basis.