Filed 8/30/24  P. v. Henry CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMAR JAY HENRY II,<br><br>    Defendant and Appellant. | A168133<br><br>(Solano County<br>Super. Ct. No. FCR323094)<br><br>ORDER MODIFYING OPINION;<br>NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on August 30, 2024, be modified as follows:

1.     Appellant's name is corrected in the caption to read "Jamar Jay Henry II."

There is no change in judgment.

Date: _____          ____Brown_____ P. J.

1

Filed 8/30/24  P. v. Henry CA1/4 (unmodified opinion)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>JAMES JAY HENRY, II,<br><br>     Defendant and Appellant. | A168133<br><br>(Solano County<br>Super. Ct. No. FCR323094) |

       This case returns to us after a remand for resentencing in light of amendments to Penal Code[1] section 1170, subdivision (b) (section 1170(b)) that became effective after the trial court sentenced defendant pursuant to a plea agreement for a specified term.  (*People v. Henry* (May 11, 2022, A164012), [nonpub. opn.].)  Defendant contends that another remand is necessary because the trial court failed to comply with the remittitur directing it to resentence him in accordance with the amended statute and imposed upper term sentences that did not satisfy the statutory requirements.  We find reversible error and remand for further proceedings.

---

      [1] All further statutory references are to the Penal Code.

1

# BACKGROUND

## *The Prior Appeal*

In September 2021, pursuant to a negotiated disposition, defendant pleaded guilty to one count of voluntary manslaughter (§ 192, subd. (a)), with an enhancement for personal use of a firearm (§ 12022.5), in exchange for a stipulated sentence of 21 years. The trial court sentenced defendant according to the plea agreement to 21 years in prison; the sentence consisted of an 11-year upper term for voluntary manslaughter and a 10-year upper term for the enhancement.

Defendant appealed his sentence, arguing that he was entitled to resentencing because of amendments to section 1170(b). (*People v. Henry*, *supra*, A164012.) Specifically, Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567) made the middle term the presumptive sentence for a term of imprisonment unless certain circumstances exist, and it required the imposition of the lower term in cases where a defendant's youth or psychological, physical or childhood trauma related to abuse, neglect or sexual violence was a contributing factor to the commission of the offense, unless the court finds that the aggravating circumstances outweigh the mitigating circumstances such that imposition of the lower term would be contrary to the interests of justice. (Stats. 2021, ch. 731, §§ 1.3, 3(c); § 1170(b)(1)–(3), (6).)

The Attorney General agreed that the amendments applied retroactively to defendant's case because his judgment was not final (*In re Estrada* (1965) 63 Cal.2d 740), and that " 'the case

2

should be remanded for the trial court to resentence defendant consistent with the changes made to Penal Code section 1170.' " (*People v. Henry*, *supra*, A164012.)

The parties also agreed that *People v. Stamps* (2020) 9 Cal.5th 685, 707 (*Stamps*) governed defendant's resentencing hearing, and we accepted their concession. (*People v. Henry*, *supra*, A164012.) We stated, "Accordingly, if the trial court, having considered the permissible factors under the amended law, again imposes the upper-term sentence, defendant's sentence would stand. If the court indicates that application of the permissible factors would not support imposition of the upper-term sentence, the prosecutor may then either agree to modify the bargain to reflect the downward departure in the sentence, or choose to withdraw from the original plea agreement, and the court may choose to withdraw its prior approval of the plea agreement." (*Ibid.*) "The judgment is reversed and remanded for further proceedings consistent with this opinion." (*Ibid.*)

### Proceedings on Remand

Our remittitur issued on July 13, 2022. In December 2022, defendant petitioned for resentencing, arguing that: (1) because no aggravating factors were charged, proven, or admitted, the court should resentence him to no more than the middle terms of six years for the offense and four years for the enhancement; and (2) due to his youth at the time of the offense, and his extensive childhood trauma, he should be resentenced to no more than six years (the lower terms).

3

After defendant requested resentencing, the trial court requested briefing on *People v. Mitchell* (2022) 83 Cal.App.5th 1051 (*Mitchell*), which held that amended section 1170(b) "was not intended to apply to sentences imposed pursuant to a stipulated plea agreement" because the court does not exercise sentencing discretion under section 1170(b) in selecting the lower, middle, or upper term.  (*Id.* at p. 1059.)  Defendant argued that *Mitchell* was not binding because the California Supreme Court granted review; the doctrine of the law of the case required the court to follow this Court's decision; the court's jurisdiction over the case on remand, as defined by the remittitur, prevented it from taking any action other than that in accordance with the remittitur; and res judicata and collateral estoppel barred the District Attorney from relitigating the issue.  The District Attorney urged the trial court to follow *Mitchell* and to reimpose defendant's 21-year sentence.

At a hearing on May 4, 2023, the District Attorney again urged the court to follow *Mitchell*.  The court responded:

> "THE COURT:  No, that's right.  It seems to me the one issue that I came across, if you look at 1170(b)(2), the alternatives to a finding of an aggravated circumstance include a stipulation of an aggravated finding.  And I guess this would be implied, theoretically, I did not lay a record establishing a stipulation to a specific fact that he plead to high term.  I did take a stipulation as to a factual basis for the plea.
>
> "So it seems to me that the combination of all of those things are consistent with the *Mitchell* analysis and everything else.  We all basically agreed upon this

4

outcome, which included that high term on the enhancement.

"So, based on — I guess the other thing I meant to go back and look, but I did not, is whether or not a 53 — 12022.53 was actually filed. I think we did the high term on the .5, but I suppose we could have gotten to 10 via 12022.53(b) had I invested any time or thought, which would not technically be a high term.

"But in light of all of those things, it seems to me that [defendant] made a bargain and that everyone's entitled to the benefit of the bargain. I think there's a reasonable factual basis for that bargain.

"So, I'm going to deny any further relief, find that the sentence, as imposed, should stand. Probably all I need to do."

The District Attorney agreed with the court's comments, and the court continued, "That's probably all I need to do. I don't think I need to resentence him. I think it was sent back on remitter [*sic*] for me to consider whether or not I should resentence. So I guess the order can say I'm denying any request to resentence and finding that the sentence, as imposed, was agreed upon and that there was a factual basis for it. I think that's all I need to do.

Defense counsel disagreed, remarking that this Court reversed the judgment. She stated, "I think the Court does have to resentence him." The trial court then reviewed this Court's prior opinion:

"THE COURT: It says: 'Accordingly, if the trial court, having considered the permissible factors under the amended law and imposes the upper term sentence, the defendant's sentence would stand.

5

" 'If the Court indicates the application of the permissible factors would not support imposition of the upper-term sentence, the prosecutor may then, again, either agree or modify the bargain to reflect the downward departure in the sentence or choose to withdraw from the initial plea agreement.'

"So, I guess let's — so I assume by saying 'allow it to stand', I suppose if I need to make an additional factual record, I find based on these facts, the manner in which the firearm played a substantially significant role in the totality of the circumstances resulting in the death of another human being, in my mind would be sufficient to support a high term. But, again, I actually think, and I don't recall [the] cases cited in the remitter [*sic*] going there, it seems to me that under 1170(b)(2), by stipulating to a factual basis for an agreed upon sentence, everyone is stipulating to that finding. Is I think how I would interpret it. I hope I did that right. If not, you can run it up the flagpole, again, see if I've done something wrong."

Defendant timely appealed.

## DISCUSSION

Defendant's overarching claim on appeal is that the trial court's resentencing decision cannot stand because permissible aggravating circumstances do not justify the imposition of an upper term sentence under section 1170(b)(2). He frames his challenge alternatively, arguing that remand is required either because the trial court impermissibly followed *Mitchell* or because it failed to comply with the remittitur and consider whether permissible factors under the amended law justify the imposition of the upper-term sentence. The Attorney General

6

responds that the court did not disobey the remittitur, or, alternatively, that we should adopt *Mitchell* and reject our prior opinion under the change in controlling law exception to the law of the case doctrine.

As set forth below, we hold that, although the trial court appears to have followed our order to apply amended section 1170(b)(2), it erroneously concluded that defendant's 2021 plea agreement satisfied the requirements of the statute and that the 21-year upper term sentence should therefore stand. In other words, the court followed our direction, but it erred in applying the applicable law.[2] We also adhere to the law of the case doctrine.

## I.   Section 1170(b) and Pleas with Stipulated Sentences

"Effective January 1, 2022, section 1170(b) was amended by Senate Bill 567 'to make the middle term the presumptive sentence for a term of imprisonment' unless aggravating circumstances stipulated to by the defendant or proved true beyond a reasonable doubt justify imposition of an upper term. [Citations.]

"Specifically, current section 1170, subdivision (b)(1) states: 'When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2).'

---

[2] Defendant also argues that reversal is required under the doctrines of judicial estoppel and collateral estoppel. Given our disposition, we need not address these arguments.

"Section 1170, subdivision (b)(2) (section 1170(b)(2)) provides: 'The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.' The trial court may also consider 'the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury.' " (*People v. De La Rosa Burgara* (2023) 97 Cal.App.5th 1054, 1060–1061 (*De La Rosa Burgara*).)

"Further, section 1170, subdivision (b)(6) (section 1170(b)(6)) provides 'the opportunity for a low-term sentence under specified circumstances, including where a defendant was a "youth" as defined [by] section 1016.7, subdivision (b) at the time of the offense and the defendant's youth was a contributing factor to the offense, unless the court finds that imposition of the low term would be contrary to the interests of justice.' " (*De La Rosa Burgara, supra*, 97 Cal.App.5th at p. 1061.)

The Courts of Appeal are currently divided on the question of whether the amendments enacted by Senate Bill 567 afford any relief to defendants who entered into plea agreements with stipulated sentences before Senate Bill 567 became effective, and the issue is pending before our Supreme Court. (Compare *De La Rosa Burgara, supra*, 97 Cal.App.5th at p. 1063, review granted Feb. 21, 2024, S283452 [defendant entitled to remand], *People v.*

8

*Todd* (2023) 88 Cal.App.5th 373, 381–382, review granted Apr. 26, 2023, S279154 [same], and *People v. Fox* (2023) 90 Cal.App.5th 826, 831, 835 (*Fox*) [same] with *Mitchell, supra*, 83 Cal.App.5th at pp. 1057–1059, review granted Dec. 14, 2022, S277314 [defendant not entitled to remand] and *People v. Sallee* (2023) 88 Cal.App.5th 330, 340–341 [same], review granted Apr. 26, 2023, S278690.)

## II.    The Trial Court Incorrectly Applied Section 1170(b)(2)

Initially, the parties dispute whether the trial court followed the remittitur and applied section 1170(b) as amended by Senate Bill 567.

After the remittitur, "the trial court is revested with jurisdiction of the case, *but only to carry out the judgment as ordered by the appellate court."* (*People v. Dutra* (2006) 145 Cal.App.4th 1359, 1366.) " 'Where a reviewing court reverses a judgment with directions . . . the trial court is bound by the directions given and has no authority to retry any other issue or to make any other findings. Its authority is limited wholly and solely to following the directions of the reviewing court.' " (*Id.* at p. 1367.) Any judgment rendered contrary to the directions is void. (*Ibid*.) When the reviewing court remands the matter for further proceedings, "its directions must be read in conjunction with the opinion as a whole." (*Ayyad v. Sprint Spectrum, L.P.* (2012) 210 Cal.App.4th 851, 859.) We review de novo whether the trial court has correctly interpreted our opinion. (*Ibid.*)

9

Our remittitur stated, "The judgment is reversed and remanded for further proceedings consistent with this opinion." (*People v. Henry*, *supra*, A164012.)  Our opinion summarized that defendant claimed entitlement to resentencing based on amendments to section 1170(b), and the Attorney General agreed that those amendments applied retroactively and " 'the case should be remanded for the trial court to resentence defendant consistent with the changes made to [section 1170(b)].' "  (*People v. Henry*, *supra*, A164012.)  We set forth directions for the resentencing proceeding, stating that the court should consider "permissible factors under the amended law" in determining whether to impose the upper-term sentence; if the court found that consideration of the permissible factors would not support imposition of the upper-term sentence, the prosecutor could agree to modify the bargain or choose to withdraw from the original plea agreement; and the trial court could choose to withdraw its prior approval of the plea agreement.  (*Ibid.*)

Here, the trial court did not disobey the remittitur.  The prosecutor urged the trial court to follow *Mitchell*, and the court did mention *Mitchell* at the hearing.  However, the court also acknowledged the new requirements for imposing the upper term under section 1170(b)(2), observing that the statute was satisfied where a defendant stipulates to the existence of aggravating circumstances.  The court found that such a stipulation was implied in this case, and the court announced that it was interpreting section 1170(b)(2) to mean that defendant's 2021 stipulation supported the imposition of the upper term under the

10

statute. Read as a whole, the record shows that the court followed the directions of our remittitur by attempting to interpret and apply section 1170 as amended by Senate Bill 567.[3]

Nonetheless, remand is required because the trial court erred in finding that section 1170(b)(2) was satisfied based on defendant's 2021 plea and his implicit stipulation "to the existence of aggravating circumstances by agreeing to the upper term." (*Fox*, *supra*, 90 Cal.App.5th at p. 835.) Senate Bill 567 introduced new requirements for the imposition of the upper term — that the finder of fact determine the existence of facts underlying the aggravating circumstances or that there be a stipulation as to the existence of such facts, and that the court find that those circumstances in aggravation justify the imposition of a term of imprisonment exceeding the presumptive middle term. (§ 1170(b)(2)). As *Fox* explained, "[Defendant] entered the plea agreement . . . before Senate Bill No. 567 altered the requirements for imposing the upper term, and his agreement to that term cannot be considered an admission that sufficient aggravating circumstances exist." (*Fox*, at p. 835.)

Finally, we do not find harmless error.[4] The trial court relied significantly on its erroneous determination that defendant's 2021 plea was both an implicit stipulation that

---

[3] We note that we would reach the same disposition if, as defendant suggests, we were to interpret the trial court's actions as disobeying our prior opinion and remittitur in favor of *Mitchell*.

[4] The Attorney General does not argue harmless error. This silence appears to be an implicit concession that the error was not harmless.

circumstances in aggravation justified the imposition of a term of imprisonment exceeding the presumptive middle term and an implicit stipulation to the existence of facts underlying the circumstances in aggravation. The error thus affected the court's finding under section 1170(b)(2) that circumstances in aggravation justified deviation from the statute's presumptive middle term, and it seems reasonably probable the court would have rendered a more favorable ruling without the error. (*People v. Watson* (1956) 46 Cal.2d 818, 836.)[5]

III.   **The Law of the Case Doctrine Applies**

We next turn to the Attorney General's claim that we should adopt *Mitchell* and *Sallee* and reject our prior opinion because of the "unjust decision exception" (*People v. Stanley* (1995) 10 Cal.4th 764, 787) to the law of the case doctrine.

" ' "The doctrine of the law of the case is this: That where, upon an appeal, the [reviewing] court, in deciding the appeal, states in its opinion a principle or rule of law necessary to the decision, that principle or rule becomes the law of the case and must be adhered to throughout its subsequent progress, both in the lower court and upon subsequent appeal, and, as here assumed, in any subsequent suit for the same cause of action, and this although in its subsequent consideration this court may

---

[5] We acknowledge that the court also said that use of the firearm was sufficient to impose the upper term in this case. However, the court's subsequent statements emphasizing what it "actually" believed about the import of defendant's 2021 plea leave us with serious doubt as to whether the error affected the result.

be clearly of the opinion that the former decision is erroneous in that particular." ' " (*People v. Stanley*, *supra*, 10 Cal.4th at p. 786.)

"The principal reason for the doctrine is judicial economy. 'Finality is attributed to an initial appellate ruling so as to avoid the further reversal and proceedings on remand that would result if the initial ruling were not adhered to in a later appellate proceeding.' [Citation.]  Because the rule is merely one of procedure and does not go to the jurisdiction of the court [citations], the doctrine will not be adhered to where its application will result in an unjust decision, e.g., where there has been a 'manifest misapplication of existing principles resulting in substantial injustice' [citation], or the *controlling* rules of law have been altered or clarified by a decision intervening between the first and second appellate determinations [citation].  The unjust decision exception does not apply when there is a mere disagreement with the prior appellate determination." (*People v. Stanley, supra*, 10 Cal.4th at pp. 786–787, italics added.)

Here, the law of the case doctrine applies, and the unjust decision exception is inapplicable.  Our prior opinion necessarily determined that Senate Bill 567 afforded defendant, who entered into a plea agreement with a stipulated sentence before the bill became effective, the ability to seek relief on remand.  (*People v. Henry, supra*, A164012.)  *Mitchell* and *Sallee* disagreed with this determination, finding that defendants who agreed to a stipulated sentence before the effective date of Senate Bill 567 are not entitled to any relief.  (*Mitchell, supra*, 83 Cal.App.5th at

13

pp. 1057–1059; *People v. Sallee*, *supra*, 88 Cal.App.5th at pp. 340–341.) However, this disagreement does not constitute a change in *controlling* law sufficient to invoke the unjust decision exception to the law of the case doctrine. (See *People v. Stanley*, *supra*, 10 Cal.4th at p. 787 [stating unjust decision exception requires change in controlling law].)[6]

Accordingly, we conclude that a remand is required in this case. On remand, the trial court must determine whether the upper term can be imposed in compliance with section 1170(b) and *Fox* — meaning that, except as to prior convictions based on a certified record of conviction (§ 1170(b)(3)), the upper term may be based only on aggravating circumstances that have been

---

[6] The Attorney General also relies on *People v. Brooks* (2020) 58 Cal.App.5th 1099 (*Brooks*), but this reliance is misplaced. In *Brooks*, a panel of this division held that a defendant serving a stipulated sentence was not entitled to resentencing under section 1170.91. (*Brooks*, at p. 1109.) Section 1170.91 requires consideration of trauma resulting from military service as a mitigating factor when a court exercises determinate sentencing triad discretion. (*Brooks*, at p. 1104.) But section 1170(b) does not merely add specific factors to be considered among many in the trial court's sentencing determination. In *Brooks*, the plea bargain resulted in a sentence that was within the boundaries of the Penal Code's sentencing structure. Here, the imposition of the aggravated term is outside the discretion of the sentencing court unless section 1170(b)'s prerequisites are met or waived because the aggravated term cannot be imposed absent the court's finding of those circumstances. (§ 1170(b)(1)–(3); *People v. Todd*, *supra*, 88 Cal.App.5th at p. 379.) Further, the Attorney General did not raise *Brooks* in the prior appeal and does not show that any exception to the law of the case doctrine is applicable.

14

(1) stipulated to by defendant independent of his 2021 plea to the upper term, or (2) found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial if defendant agrees to a court trial.  If the trial court, having considered the requirements and permissible factors under section 1170(b) (including section 1170(b)(6) should defendant raise its provisions on remand), again imposes the upper-term sentence, defendant's sentence would stand.  If the court indicates that consideration of the requirements and permissible factors would not support imposition of the upper-term sentence, the prosecutor may then either agree to modify the bargain to reflect the downward departure in the sentence, or choose to withdraw from the original plea agreement, and the court may choose to withdraw its prior approval of the plea agreement.

We note that our disposition and our prior opinion are consistent with section 1016.8, which codified the rule that the fact that "the parties enter into a plea agreement does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them," and clarified that any "provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy."  (§ 1016.8, subd. (a)(1), (b); *Stamps*, *supra*, 9 Cal.5th at p. 705.)

## DISPOSITION

The judgment is reversed and remanded for further proceedings consistent with this opinion.

BROWN, P. J.

WE CONCUR:

STREETER, J.
DOUGLAS, J.*

*People v. Henry* (A168133)

---

\* Judge of the Superior Court of California, County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

16