Filed 1/19/21  P. v. Potts CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B303966 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA094029) |
| v. | |
| TIMOTHY POTTS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Scott T. Millington, Judge.  Affirmed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury convicted defendant and appellant Timothy Potts of inflicting corporal injury upon a person with whom he had a "dating relationship" following a prior domestic violence conviction (Pen. Code, § 273.5, subd. (f)(2); count 1)[1] and six counts of attempting to dissuade a witness (§ 136.1, subd. (a)(2); counts 4–9).[2] The trial court found it true that defendant had suffered two prior "strike" convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), as well as two serious felony convictions (§ 667, subd. (a)(1)) and five prior prison terms (§ 667.5, subd. (b)). The trial court partially granted defendant's *Romero*[3] motion, striking one prior conviction as to counts 5 through 9 but denying the motion as to count 4, and sentenced defendant to serve a total of 43 years eight months to life in state prison. The sentence included two five-year serious felony enhancements pursuant to section 667, subdivision (a)(1). (*People v. Potts* (May 3, 2019, B290757) [nonpub. opn.], at p. 2 (*Potts I*).)[4]

Defendant appealed. We remanded so that the trial court could exercise its new discretion pursuant to Senate Bill No. 1393 (SB 1393) to consider striking one or both of the serious felony

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     Defendant was acquitted of criminal threats (§ 422, subd. (a); count 2) and dissuading a witness from reporting a crime (§ 136.1, subd. (b)(1); count 3).

[3]     *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

[4]     We take judicial notice of our prior opinion in case No. B290757. (Evid. Code, § 451, subd. (a).)

enhancements. We affirmed in all other respects. (*Potts I*, *supra*, B290757 at pp. 3, 24–26.)

On remand, the trial court declined to strike either of the serious felony enhancements.

Defendant appeals again, arguing that the trial court erred by denying defendant's request to reconsider his *Romero* motion.

We affirm.

## BACKGROUND

I. *Prior Appeal*

In defendant's first appeal in this case, he contended that (1) the trial court erred by permitting the introduction of a witness's prior testimony; (2) there was insufficient evidence to support his conviction on count 1 and the true finding on one of his prior convictions; and (3) he was entitled to a remand so that the trial court could exercise its new discretion under SB 1393 to consider striking the serious felony enhancements. (*Potts I*, *supra*, B290757 at pp. 3, 24–26.) We rejected the first two contentions, but we agreed with defendant on the third. (*Id.* at pp. 11–25.)

Specifically, we explained that SB 1393, which went into effect while defendant's appeal had been pending, "amended section 667, subdivision (a), and section 1385, subdivision (b), to give trial courts discretion to strike the imposition of a five-year sentencing enhancement for a prior serious felony conviction" and "applies retroactively to nonfinal judgments of conviction where a serious felony enhancement was imposed at sentencing." (*Potts I*, *supra*, B290757 at pp. 24–25.) Because the trial court had not clearly indicated on the record whether it would have struck the serious felony enhancements if it had discretion to do so when it sentenced defendant, we concluded that "the matter must be

3

remanded for the trial court to consider striking one or both of defendant's previously mandatory five-year enhancements imposed under section 667, subdivision (a)(1)." (*Potts I*, at p. 25.)

The disposition of our opinion stated, "The matter is remanded for resentencing pursuant to section 667, subdivision (a), and section 1385, subdivision (b), as amended by SB 1393.  Upon resentencing, the trial court is directed to prepare an amended abstract of judgment and forward a certified copy of it to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed." (*Potts I*, *supra*, B290757 at p. 26.)

II. *Trial Court Proceedings on Remand*

At the November 6, 2019, hearing following remand, the trial court explained that the matter was remanded for resentencing pursuant to section 667, subdivision (a), and section 1385, subdivision (b), as amended by SB 1393, and that the question before it was "whether or not the court should strike the two five-year enhancements that it imposed on the original sentencing."  Defendant's counsel submitted on the matter.

Defendant wanted to address the trial court directly, which the court allowed.  Defendant asked the court if it would be possible to "rehear" his *Romero* motion.  The court denied the request, stating:  "No, I sentenced you on that.  That is a final decision, and the Court of Appeal has simply directed this court to consider the two five-year enhancements.  I'm directed by a higher court to consider one thing as it relates to the two priors under [section] 667[, subdivision ](a)(1) only."  Defendant reiterated his request for reconsideration of the *Romero* motion based on "mitigating facts in the last *Romero* motion that [were]

4

not presented to the court[.]" The court responded, "I'm not going there. That's not what I'm here for."

Thereafter, the trial court declined to strike either of the serious felony enhancements, citing the seriousness of the priors and the present case.

This timely appeal ensued.

## DISCUSSION

I. *Relevant Law and Standard of Review*

Upon an appeal in a criminal case, the appellate court "may reverse, affirm, or modify a judgment or order appealed from, or reduce the degree of the offense or attempted offense or the punishment imposed, and may set aside, affirm, or modify any or all of the proceedings subsequent to, or dependent upon, such judgment or order, and may, if proper, order a new trial *and may, if proper, remand the cause to the trial court for such further proceedings as may be just under the circumstances.*" (§ 1260, italics added.)

"The order of the reviewing court is contained in its remittitur, which defines the scope of the jurisdiction of the court to which the matter is returned." (*Griset v. Fair Political Practices Com'n* (2001) 25 Cal.4th 688, 701; accord, *Snukal v. Flightways Manufacturing, Inc.* (2000) 23 Cal.4th 754, 774, fn. 5 (*Snukal*).) "[W]hen an appellate court remands a matter with directions governing the proceedings on remand, 'those directions are binding on the trial court and must be followed. Any material variance from the directions is unauthorized and void.'" (*Ayyad v. Sprint Spectrum, L.P.* (2012) 210 Cal.App.4th 851, 860 (*Ayyad*); see also *Rice v. Schmid* (1944) 25 Cal.2d 259, 263 [on remand, the trial court's "authority is limited wholly and solely to following the directions of the reviewing court"].) The trial court must read

the directions of the appellate court "in conjunction with the opinion as a whole." (*Ayyad*, *supra*, at p. 859.)

"Our remittitur directions are contained in the dispositional language of our previous opinion." (*Ayyad*, *supra*, 210 Cal.App.4th at p. 859.) "Whether the trial court correctly interpreted [the dispositional language in] our [prior] pinion is an issue of law subject to de novo review." (*Ibid.*)

## II. *The Trial Court Properly Declined to Rehear the Romero Motion on Remand*

In *Potts I*, we remanded for the trial court to consider a specific issue: whether to exercise its new discretion to strike the previously mandatory five-year serious felony enhancements. (*Potts I*, *supra*, B290757 at p. 26.) To that effect, our dispositional language directed that "[t]he matter is remanded for resentencing pursuant to section 667, subdivision (a),[5] and section 1385, subdivision (b),[6] as amended by SB 1393." (*Potts I*,

---

[5] Section 667, subdivision (a), provides: "Any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively." In this context, "'serious felony' means a serious felony listed in subdivision (c) of [s]ection 1192.7." (§ 667, subd. (a)(4).)

[6] Section 1385, subdivision (b), provides: "If the court has the authority pursuant to subdivision (a) [of section 1385] to strike or dismiss an enhancement, the court may instead strike the additional punishment for that enhancement in the

6

*supra*, at p. 26.) This direction was also iterated twice in the body of the opinion. (*Id.* at p. 3 ["We remand for resentencing so that the trial court may exercise its new discretion to consider striking one or both serious felony enhancements"]; *id.* at p. 25 ["the matter must be remanded for the trial court to consider striking one or both of defendant's previously mandatory five-year enhancements imposed under section 667, subdivision (a)(1)"].) And, because the abstract of judgment incorrectly reflected the imposition of only one five-year enhancement, we directed the trial court on remand to also prepare an amended abstract of judgment to be forwarded to the Department of Corrections and Rehabilitation. (*Potts I*, *supra*, at pp. 25–26.) We otherwise affirmed the judgment. (*Id.* at p. 26.)

Our directions to the trial court were unambiguous. They explicitly circumscribed the scope of the court's authority on remand related to resentencing. Our dispositional language, "read in conjunction with the opinion as a whole" (*Ayyad*, *supra*, 210 Cal.App.4th at p. 859), did not permit the court to reconsider defendant's *Romero* motion, which went beyond the scope of determining whether to strike the enhancements imposed under section 667, subdivision (a)(1). Accordingly, "the trial court properly refused to [re]hear [defendant's *Romero*] motion, because doing so would have exceeded its jurisdiction on

---

furtherance of justice in compliance with subdivision (a)." Prior to SB 1393, a trial court had no such discretion with respect to a section 667 enhancement. (See Legis. Counsel's Dig., Sen. Bill No. 1393 (2017-2018 Reg. Sess.) ["This bill would delete the restriction prohibiting a judge from striking a prior serious felony conviction in connection with imposition of the 5-year enhancement"].)

remand." (*Ayyad, supra*, at p. 854; see also *Snukal, supra*, 23 Cal.4th at p. 774, fn. 5. ["the terms of the remittitur define the trial court's jurisdiction to act"].)

We find no merit in defendant's arguments to the contrary.

First, he contends that although we stated that defendant was to be resentenced pursuant to section 667, subdivision (a), we "did not say that this was the sole matter to be considered at the resentencing." Contrary to defendant's implication, no magic words were required to effectuate what was clear from the language of the disposition and the context of the opinion as a whole. "The issues the trial court may address in the remand proceedings are . . . limited to those *specified* in the reviewing court's directions[.]" (*Ayyad, supra*, 210 Cal.App.4th at pp. 859–860, italics added.) Having specified the precise issue that the trial court was authorized to consider, it was unnecessary to set forth all matters over which it *did not* have jurisdiction to entertain.

Second, defendant relies on the general proposition that, unless expressly limited, a trial court should consider all relevant circumstances when resentencing on remand. Indeed, our Supreme Court has "held that when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.'" (*People v. Buycks* (2018) 5 Cal.5th 857, 893 (*Buycks*); see also *People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425 ["the full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant"].) The full resentencing rule also applies to defendants who qualify for recall and resentencing under Propositions 36 and 47. (*Buycks, supra*,

at p. 893.)  Here, in contrast, no part of defendant's sentence was stricken, nor was his sentence recalled under an initiative.  We did not remand for resentencing in general; rather, we expressly limited the trial court's task on remand to exercising its discretion regarding the imposition of the serious felony enhancements.  The full resentencing rule is inapplicable.

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, Acting P. J.
ASHMANN-GERST


We concur:


_____, J.
CHAVEZ


_____, J.
HOFFSTADT