Filed 7/19/23  P. v. Santos CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br>NER BELLIN SANTOS,<br><br>    Defendant and Appellant. | A165130<br><br>(Alameda County<br>Super. Ct. No. 176167B) |

     This case was previously before us on appeal from defendant Ner Santos's judgment of conviction for multiple sex crimes.  We remanded it with instructions to vacate his conviction on two of the counts, stay one prison term under Penal Code section 654, recalculate several fines and fees and entertain defendant's constitutional claim that he lacked the ability to pay any criminal fines or fees.

     On remand, defendant sought resentencing under two recent ameliorative changes in the sentencing law that took effect on January 1, 2022, after the prior appeal had concluded.  The trial court ruled it lacked jurisdiction to apply those changes in the law given the terms of our remittitur.  He now appeals, arguing this was error.  He also raises several issues concerning the fines and fees imposed on remand.

1

We conclude the case must be remanded again, for the reasons he asserts.

## BACKGROUND

Defendant was convicted after a trial by jury of five criminal offenses stemming from the sexual molestation of his former boyfriend's minor son. He was sentenced to an aggregate term of 17 years and 4 months in prison.

He then filed an appeal and a habeas petition, which we considered together. We issued our consolidated opinion on April 29, 2021. We concluded there were no errors in the conduct of trial affecting the jury's verdict but found three errors affecting defendant's judgment of conviction.

First, we held the trial court erred in permitting a conviction for continuous sex abuse (Pen. Code, § 288.5)[1] (count 8) and two counts of sodomy with a person under 14 (§ 286, subd. (c)(1)) that occurred during the same period as the continuous sex abuse count. The court had imposed the midterm of six years for each of the two sodomy counts and stayed sentence on them under section 654 and imposed the upper-term sentence of 16 years on the continuous sex abuse charge. As a remedy for the overlapping convictions, we ordered defendant's convictions on the two sodomy counts vacated (counts 5 and 6), along with the fines and fees associated with those two counts.

Second, the trial court had sentenced defendant to a consecutive eight-month term on his conviction for distributing harmful material to a minor (§ 288.2), and we held that count should have been stayed pursuant to section 654.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Finally, we concluded the trial court had erred in imposing two fines in the amount of $50,000 each (the restitution fine and parole revocation fine), because they each exceeded the $10,000 statutory maximum. Defendant also raised a new claim of constitutional indigency for the first time on appeal concerning the fines, fees and assessments imposed, which we remanded to be decided by the trial court.

In full, our disposition stated: "Defendant's convictions for violating section 286, subdivision (c)(1) (counts 5 and 6) are vacated. The eight-month sentence for violation of section 288.2 (count 14) is stayed. The fee imposed under section 1465.8 shall be reduced from $200 to $120. The fine imposed pursuant to section 290.3 shall be reduced from $2,300 to $1,300. The fee imposed under Government Code section 70373 shall be reduced from $150 to $90. The restitution fine imposed pursuant to section 1202.4, subdivision (b)(1), in the amount of $50,000 and the parole revocation fine imposed pursuant to section 1202.45 in the same amount are vacated. The matter is remanded for recalculation of the restitution fine and parole revocation fine, and for further proceedings consistent with this opinion to afford defendant an opportunity to request an ability-to-pay hearing on the fines and assessments imposed by the trial court. [¶] In all other respects the judgment is affirmed. The petition for habeas corpus is denied."

Our remittitur in the direct appeal issued on July 19, 2021. Our remittitur in the habeas proceeding issued on August 9, 2021.

Thereafter, effective January 1, 2022, two new sentencing laws took effect.

By passage of Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567), the Legislature amended section 1170 to significantly limit the

court's discretion to impose the upper term.[2] "Presumptively, the middle term is the maximum term that may be imposed and it may be exceeded 'only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term . . . .' ([§ 1170], subd. (b)(2).)  In addition, the facts underlying those circumstances must be proven, stipulated to by the defendant or evidenced in a specific manner not required under the former law.  (*Id.*, subd. (b)(2), (b)(3).)." (*People v. Falcon* (June 26, 2023, No. F083577) __ Cal.App.5th__ [2023 WL 4195057, at p. *2].)

The People agree, and the appellate courts have uniformly concluded, that the amendment effectuated by Senate Bill 567 applies retroactively to all non-final criminal cases.  (*People v. Falcon, supra,* __ Cal.App.5th __ [2023 WL 4195057, at p. *2]; see, e.g., *People v. Codinha* (June 26, 2023, No. D080633) __ Cal.App.5th __ [2023 WL 4199435, at p. *10]; *People v. Govan* (2023) 91 Cal.App.5th 1015, 1020, fn. 2, petn. for review pending, petn. filed June 22, 2023; *People v. Lewis* (2023) 88 Cal.App.5th 1125, 1131, review granted May 17, 2023, S279147; *People v. Zabelle* (2022) 80

---

[2] It now provides in relevant part:  "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.  Except where evidence supporting an aggravating circumstance is admissible to prove or defend against the charged offense or enhancement at trial, or it is otherwise authorized by law, upon request of a defendant, trial on the circumstances in aggravation alleged in the indictment or information shall be bifurcated from the trial of charges and enhancements.  The jury shall not be informed of the bifurcated allegations until there has been a conviction of a felony offense." (§ 1170, subd. (b)(2), as amended by Stats. 2022, ch. 744, § 1).

Cal.App.5th 1098, 1109; *People v. Jones* (2022) 79 Cal.App.5th 37, 45; *People v. Lopez* (2022) 78 Cal.App.5th 459, 465.)

By enactment of Assembly Bill No. 518 (2021-2022 Reg. Sess.) (Assembly Bill 518), the Legislature also amended section 654's prohibition on multiple punishment.  It eliminated the requirement that, when faced with multiple convictions for the same act or omission, the trial court must impose sentence "under the provision that provides for the longest potential term of imprisonment."  (See Legis. Counsel's Dig., Assem. Bill No. 518 (2021-2022 Reg. Sess.), Stats. 2021, Summary Dig., ch. 441.)  Instead, the Legislature gave trial courts discretion to choose which of multiple convictions to impose sentence on.  As amended, section 654 now provides in relevant part that "An act or omission that is punishable in different ways by different provisions of law *may be punished under either of such provisions*, but in no case shall the act or omission be punished under more than one provision."  (§ 654, subd. (a), as amended by Stats. 2021, ch. 441, § 1, italics added.)  The People agree this change also applies retroactively to all non-final criminal cases.  (See *People v. Bautista-Castanon* (2023) 89 Cal.App.5th 922, 926; *People v. Jones*, *supra*, 79 Cal.App.5th at p. 45; *People v. Sek* (2022) 74 Cal.App.5th 657, 673.)

On remand, defendant asked the court to apply both changes in the law to his case.  Pursuant to the changes effectuated by Senate Bill 567, he asked the court to vacate his 16-year upper term sentence on count 8, and either impose the lower term for that count or the presumptive mandatory middle term.  And under the changes effectuated by Assembly Bill 518 to section 654, he asked the court in the alternative to exercise its discretion to stay his 16-year sentence on that count instead of staying the shorter, 8-month sentence on count 14 (§ 288.2).

He also asserted that all statutory fees and fines imposed against him were constitutionally prohibited due to his indigency and asked that they all be vacated and no further ones imposed.[3]

The trial court construed our disposition as precluding it from undertaking a full resentencing of defendant, and therefore concluded it lacked jurisdiction to re-sentence defendant under the current law now in effect. It also construed our disposition as requiring it to conduct an ability to pay hearing solely on the restitution fund fine.

As a result, the court vacated the two sodomy counts, stayed sentence on count 14 which resulted in a new total prison term of 16 years, 8 months, and reduced various fees and fines in accordance with our instructions.

It then held a "Dueñas ability to pay hearing"[4] solely as to the restitution fund fine. The court noted our decision that the fine would otherwise be subject to a maximum $10,000 statutory cap and, based on the showing made by defendant, reduced the restitution fund fine and corresponding parole revocation fine to $300 each, the latter being stayed pending successful completion of parole.

In total, defendant was ordered to pay $1,760 in fines and court fees.

Defendant then appealed.

---

[3] Specifically, he challenged the imposition of a court operations fee (§ 1465.8), sex offender fine (§ 290.3), probation report fee (former § 1203.1b, as amended by Stats. 2020, ch. 92, § 47), restitution fine (§ 1202.4), parole revocation fine (§ 1202.45) and conviction assessment (Gov. Code, § 70373).

[4] *People v. Dueñas* (2019) 30 Cal.App.5th 1157.

6

# DISCUSSION

## I.

### *Retroactive Impact of Senate Bill 567 and Assembly Bill 518*

The parties agree, as do we, that the ameliorative changes effectuated by the recent amendments to the determinate sentencing law and section 654 apply retroactively to all non-final criminal cases. " '[N]ew laws that reduce the punishment for a crime are presumptively to be applied to defendants whose judgments are not yet final.' [Citations.] When that presumption applies, its retroactivity rule extends to all 'nonfinal judgments.' " (*People v. Padilla* (2022) 13 Cal.5th 152, 158.) As we have noted, appellate courts have uniformly concluded that Senate Bill 567 and Assembly Bill 518 apply retroactively to all non-final criminal cases, and the People agree.

The question here is whether defendant was entitled to the benefit of these ameliorative changes in the sentencing laws when the case was before the trial court on remand. Defendant asserts his judgment was not final, because his case had been remanded for further proceedings that necessarily required re-sentencing. We agree.

"[A] law lessening punishment is understood to apply 'to every case to which it constitutionally could apply.' " (*People v. Padilla*, *supra,* 13 Cal.5th at pp. 160-161.) Therefore, the Supreme Court has indicated that the Legislature's power to change the law that applies to a criminal defendant ends "at 'the conclusion of a criminal proceeding as a whole'—i.e., when ' "the last word of the judicial department with regard to a particular case or controversy" ' has issued." (*Id.* at p. 161.) When an appellate court orders resentencing, a judgment is not final for *Estrada*[5] retroactivity purposes,

---

[5] *In re Estrada* (1965) 63 Cal.2d 740.

because "the result is vacatur of the original sentence, whereupon the trial court may impose any appropriate sentence" on remand. (*Padilla*, at pp. 162-163.) In that situation, the trial court regains jurisdiction *and the duty* to consider the appropriate punishment, and so the judgment is not final. (See *id*. at pp. 161-162.)

In this case, the trial court believed it was constrained by the terms of our remittitur to refrain from resentencing defendant, a position the People press here at length. We commend the trial court for the care with which it attempted to comply with our appellate disposition, because the trial court lacked jurisdiction to deviate from it. The remittitur " 'defines the scope of the jurisdiction of the court to which the matter is returned,' " and the trial court " 'is empowered to act only in accordance with the direction of the reviewing court.' " (*Ayyad v. Sprint Spectrum, L.P.* (2012) 210 Cal.App.4th 851, 859.)

But in hindsight, it is evident our original appellate disposition was ambiguous. It neither directed resentencing expressly nor precluded it. That ambiguity required the trial court to " 'interpret it in light of the law and the appellate opinion to determine its duties.' " (*Ayyad v. Sprint Spectrum, L.P.*, *supra*, 210 Cal.App.4th at p. 863, fn. 7.) Whether the trial court did so correctly is an issue of law subject to our de novo review. (See *Martinez v. Rite Aid Corp.* (2021) 63 Cal.App.5th 958, 968.)

Implicit in our disposition was that defendant would be resentenced. A felony sentence is an integrated whole, and ordinarily the correction of one aspect of the sentence—as we directed here, with the striking of the two sodomy counts—allows the trial court to reconsider the full sentence on remand. (*People v. Burbine* (2003) 106 Cal.App.4th 1250, 1258.) Unless the appellate court limits the scope of resentencing, a remand for resentencing as

8

to *part* of a sentence necessarily re-opens the *entire* sentence for full re-sentencing.  (See *People v. Walker* (2021) 67 Cal.App.5th 198, 204-205.)  And in such a circumstance, "when a trial court corrects one part of a sentence on remand, it is obligated to address the effect of subsequent events that render other parts of that sentence legally incorrect." (*Id*. at p. 205.)  "By correcting one part of the sentence, the trial court is resentencing the defendant and, in so doing, is not only permitted, but also obligated to look at the facts and the law in effect at the time of that resentencing . . . ." (*Ibid*.)  If some component of the sentence is incorrect under the law in effect at the time of resentencing other than the component that necessitated the remand, "the trial court is required to correct that component as well." (*Id*. at pp. 205-206.)

Nothing in our remittitur precluded the trial court from fully resentencing defendant.  Indeed, the court's minute order from the sentencing hearing states that we issued a "Remittitur remanding the matter for a new sentencing hearing . . . ."  And, by striking the two sodomy convictions as we directed, the court necessarily re-sentenced him *in effect,* as reflected by its issuance of a new abstract of judgment.  Furthermore, because there had been an intervening change in the law that could not have been raised in defendant's prior appeal, "the issue was not, and could not have been, addressed in our remand order, and so it was not within the scope of the remittitur." (*People v. Hargis* (2019) 33 Cal.App.5th 199, 207 [error to decline to apply retroactive change in the law on remand].)

For these reasons, defendant's judgment was not final given the nature of our disposition.  He was entitled to be re-sentenced fully in accordance with the law in effect at the time of his resentencing hearing on remand.

## II.

### *Fines and Fees*

Next, defendant argues the trial court erred because it misconstrued our disposition as directing it to conduct an ability to pay hearing solely as to the restitution fine, and therefore failed to consider his inability to pay the other fees and fines as we had directed it to do.

We have independently reviewed the transcript of the hearing and agree. The court stated it was bound by our remittitur on this issue which was "extremely specific," and said it would just "follow the court of appeals order" to reduce three of the fees associated with the vacated sodomy counts in the amounts we specified. It then said that the restitution fine "is subject to a Dueñas ability-to-pay hearing," and reduced that fine (and the corresponding parole revocation fine) to $300. The court clearly did not exercise any discretion to consider defendant's ability to pay any of the other fines or fees.

Our prior opinion concerning defendant's constitutional claim of indigency was not limited to the restitution fine, however. It extended to all the "other fines and fees the trial court imposed," some of which we ourselves ordered adjusted due to the elimination of two sodomy counts. And we stated that "[o]n remand . . . , defendant is free to make the constitutional arguments that he believes should be made concerning his ability to pay the fines, fees and assessments imposed."

The People's argument on this point is unpersuasive and non-responsive. The trial court misconstrued our opinion, and defendant must be afforded a hearing regarding his ability to pay the remaining fines and fees the trial court imposed. They include: the $120 court operations fee

10

(§ 1465.8), the $1,300 sex offender fine (§ 290.3), and the $90 conviction assessment (Gov. Code, § 70373).

The only exception is the $250 probation investigation fee, which the trial court imposed pursuant to former section 1203.1b. The parties agree the Legislature has abolished that fee and mandated that "[t]he balance of any court-imposed costs pursuant to Section . . . . 1203.1b . . . , as [that] section[] read on June 30, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (§ 1465.9, subd. (a); see generally *People v. Greeley* (2021) 70 Cal.App.5th 609, 625-627 [discussing repeal of 23 criminal justice administrative fees].) Accordingly, the unpaid balance of that fee is no longer collectible, and defendant is entitled to a judgment that does not impose that uncollectible debt. (See *People v. Clark* (2021) 67 Cal.App.5th 248, 259-260.)

Defendant also argues that "any amount collected after July 1, 2021 must be ordered returned to [him]." He cites no authority supporting that relief, however, and we find no support for it in the text of section 1456.9, which mandates only that we vacate the judgment imposing that fee. (See also *People v. Clark*, *supra*, 67 Cal.App.5th at p. 262 (conc. opn. of Streeter, J.) ["no defendant is entitled to *full* vacatur of court-imposed costs listed by Assembly Bill 1869, paid or unpaid, and therefore to a refund of amounts already paid"].)

## DISPOSITION

The sentence is vacated, the $250 probation investigation fee imposed pursuant to former section 1203.1b is stricken, and the case is remanded for full resentencing in accordance with the views here expressed.

11

_____
STEWART, P.J.

We concur.


_____
RICHMAN, J.


_____
MILLER, J.


*People v. Santos* (A165130)