Filed 10/23/23  P. v. Whitley CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JACOB CRAIG WHITLEY,<br><br>    Defendant and Appellant. | H049307<br>(Santa Clara County<br>Super. Ct. No. C1246799) |

This is defendant Jacob Craig Whitley's second appeal related to his conviction for first degree murder.  This appeal arises from a trial court proceeding conducted on remand following an earlier direct appeal.

In Whitley's first appeal, a different panel of this court affirmed his conviction for first degree felony murder with an enhancement for personally and intentionally discharging a firearm causing death (Pen. Code, § 12022.53, subd. (d)[1] (hereafter section 12022.53(d); firearm or gun enhancement)).  (See *People v. Whitley et al.* (Nov. 22, 2019, H043651) [nonpub. opn.] [2019 WL 6242496] (*Whitley*).[2])  The panel, however,

---

[1] Unspecified statutory references are to the Penal Code.

[2] By separate order in this case, we granted the Attorney General's request that we take judicial notice of the record and opinion in Whitley's initial direct appeal (No. H043651).

reversed the judgment and remanded the matter for the limited purpose of allowing the trial court to exercise its discretion whether to strike the firearm enhancement under a posttrial legislative change to section 12022.53, subdivision (h). (See Stats. 2017, ch. 682, § 2 [Sen. Bill No. 620 (2017-2018 Reg. Sess.)].)

On remand, the trial court declined to strike or dismiss the firearm enhancement and reinstated Whitley's original sentence of 80 years to life in prison. In addition, after acknowledging that "this may not be included in the remand from the Court of Appeal," the trial court declined to strike Whitley's prior conviction enhancement or to grant his *Romero* motion.[3] The court also rejected Whitley's request to be declared eligible for a youth offender parole hearing due to the alleged unconstitutionality of section 3051, subdivision (h) (hereafter section 3051(h)), which excludes two and three strikes recidivists from those eligible for such a hearing.

In this second appeal, Whitley raises one claim of error. He contends that the trial court erred under equal protection principles by failing to find him eligible for a youth offender parole hearing.

We decide that Whitley's claim of error is not cognizable on appeal because it challenges a trial court ruling that under our limited remand is unauthorized and void. We thus do not consider the merits of Whitley's claim. Because Whitley has not raised any other claim challenging the judgment of conviction, we affirm it.

## I. FACTS AND PROCEDURAL BACKGROUND[4]

In April 2015, the Santa Clara County District Attorney filed a second amended information charging Whitley and his codefendant, Louis Sanchez Emanuel, with the

---

[3] See *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 529–530 (holding that a trial court's discretion under section 1385, subdivision (a) includes the power to dismiss or strike a prior conviction alleged under the Three Strikes law); see also *People v. Williams* (1998) 17 Cal.4th 148, 158.

[4] We do not recite the facts supporting Whitley's conviction because they are not relevant to our decision in this appeal. We nevertheless note that, in his opening brief,

murder of John Cody S. (Cody). (§ 187; count 1). Count 1 included an allegation that Whitley had personally and intentionally discharged a firearm and proximately caused Cody's death (§ 12022.53, subds. (b), (c) & (d)). The information further alleged that Whitley had suffered a prior strike conviction for a violent or serious felony (§§ 667, subds. (b)–(i), 1170.12) and a prior serious felony conviction (§ 667, subd. (a) (hereafter section 667(a))).[5] (*Whitley*, *supra*, H043651, at p. 2.)

A. *Trial*

Whitley and Emanuel were tried together in April and May 2015. The jury convicted Whitley and Emanuel of first degree felony murder and found true Whitley's firearm enhancement allegation (§ 12022.53(d)). The trial court subsequently found true Whitley's prior strike conviction and prior serious felony conviction allegations. (*Whitley*, *supra*, H043651, at p. 2.)

In May 2016, the trial court sentenced Whitley to 80 years to life in prison: 25 years to life on count 1, which was doubled pursuant to section 667; plus 25 years to life for the firearm enhancement on count 1; and a consecutive five-year term for the prior serious felony conviction enhancement. (*Whitley*, *supra*, H043651, at p. 3.) Whitley did not make any argument to the trial court at sentencing concerning youth offender parole hearing eligibility under section 3051.

B. *First Direct Appeal*

Whitley appealed the judgment (No. H043651). He did not raise any claim on appeal regarding section 3051. (See *Whitley*, *supra*, H043651, at p. 11.) In November 2019, a different panel of this court affirmed Whitley's conviction but reversed the judgment and remanded the matter to the trial court. In the disposition of the opinion, the

---

Whitley states, "If need be, and solely for purposes of this appeal, appellant accepts the factual background set forth in this [c]ourt's November 22, 2019 opinion, 2019 WL 6242496, pp.*2-6."

[5] These allegations were based on Whitley's prior conviction for first degree (residential) burglary (§§ 459, 460, subd. (a)).

3

panel wrote the following: "The judgment against Whitley is reversed, and the matter is remanded to the trial court for the limited purpose of exercising its discretion under section 12022.53, subdivision (h), to determine if Whitley's firearm enhancement should be stricken in the furtherance of justice. If the trial court strikes Whitley's firearm enhancement, it shall resentence Whitley accordingly. If the court declines to strike the firearm enhancement, the trial court shall reinstate the original sentence. Whitley's conviction is otherwise affirmed." (*Id*. at pp. 75–76; see also *id*. at p. 75 ["[W]e conclude remand for resentencing is necessary for the limited purpose of allowing the trial court to consider whether it should strike Whitley's firearm enhancement pursuant to section 12022.53, subdivision (h)."].)

C.  *Remand Proceeding*

On remand, Whitley, through his defense counsel, filed a sentencing memorandum. In it, Whitley noted that he was 18 years old at the time of his prior first degree burglary offense and 20 years old when he murdered Cody. Whitley asked the trial court "to reconsider striking the strike prior, strike or dismiss the punishment on the Penal Code [section] 12022.53[] gun enhancement, strike the punishment on the Penal Code [section] 667(a) enhancement, and[] find [him] eligible for the youthful offender parole program."

The district attorney filed a statement in aggravation, opposing Whitley's sentencing memorandum. The district attorney contended: "While [] [Whitley] correctly states that 'the trial court is entitled to consider the entire sentencing scheme' if remanded for resentencing, [citation] this does not apply when the remand order is limited in scope [citation]. Essentially, 'when an appellate court remands a matter with directions governing the proceedings on remand, those directions are binding on the trial court and must be followed.' [Citation.] Deviating from the scope of the remand order is 'unauthorized and void.' [Citation.] The remand order was explicit, the only issue

4

before [the trial court] is the discretion to strike the gun enhancement. If that is denied, the [c]ourt 'shall reinstate the original sentence.' There is no ambiguity about that."

The district attorney further argued, inter alia, that consideration of Whitley's *Romero* motion was not authorized under this court's limited remand order, which did not "purport to permit a wide ranging do over of the original sentencing beyond the remand." In addition, the district attorney "recognize[d] that amendments to section 667(a) now give trial courts the authority to strike [] prior convictions" and "that because Whitley's case is not final on appeal, the ameliorative change may be entitled to retroactive effect. However, the Court of Appeal did not remand for such discretion and thus, without the permission of the Court of Appeal, this Court is not authorized to do so. The People recognize that this [c]ourt is not interested in form over substance, therefore it may be appropriate for this [c]ourt to indicate whether it would strike the [five] year prior on the facts. If it would not, then the issue is moot, if it would, then the Court of Appeal can authorize the relief in the inevitable appeal." (Italics omitted.) The district attorney also noted that Whitley "could seek an expansion of the remand order for this limited purpose as well." Moreover, the district attorney opposed Whitley's resentencing requests on their merits.

Regarding Whitley's challenge to section 3051(h)'s youth offender parole hearing exclusion based on his prior strike for residential burglary, the district attorney contended that Whitley's argument was "beyond the scope of the remand" and "flawed on the merits."[6] The district attorney asserted further that Whitley's related arguments

---

[6] Section 3051(h) provides: "This section shall not apply to cases in which sentencing occurs pursuant to [s]ection 1170.12, subdivisions (b) to (i), inclusive, of [s]ection 667, or [s]ection 667.61, or to cases in which an individual is sentenced to life in prison without the possibility of parole for a controlling offense that was committed after the person had attained 18 years of age. This section shall not apply to an individual to whom this section would otherwise apply, but who, subsequent to attaining 26 years of age, commits an additional crime for which malice aforethought is a necessary element of the crime or for which the individual is sentenced to life in prison."

concerning his prior burglary conviction itself were "not remotely within the remand order of the [C]ourt of [A]ppeal as it is not a resentencing, but challenging the constitutional basis for whatever sentence must be imposed. Not only i[s] i[t] [] outside of the remand order, it is unauthorized as it should have been raised in the original appeal."

At a hearing held on March 8, 2021, the trial court began by stating its tentative ruling on Whitley's requests. The court explained: "So the [c]ourt does understand that the Court of Appeal did remand this case for the limited purpose of striking or dismissing punishment under [section] 12022.53(d). The [c]ourt[] tentatively would decline to dismiss or strike the punishment pursuant to [section 12022.53(d)]."

After providing factual findings supporting its tentative decision not to strike or dismiss the firearm enhancement, the court continued: "Although the Court of Appeal did keep its remand narrow, the [c]ourt is mindful of the issue raised by [defense counsel] to strike the five-year prior, pursuant to Penal Code [s]ection 667(a). . . . [¶] Although this may not be included in the remand from the Court of Appeal, the [c]ourt does indicate that if it were part of a remand, then, it would decline to strike the prior conviction. Similarly, with respect to the *Romero* motion, I'm not clear that [defense counsel] gets a second bite at the apple. But the [c]ourt did consider all of the arguments raised by [defense counsel] with respect to the . . . renewed *Romero* motion, and the [c]ourt would decline to grant the *Romero* motion. The [c]ourt's position on this issue remains the same." (Italics added.)

Regarding Whitley's request that the trial court find him to be eligible for a youth offender parole hearing, the trial court said: "The [c]ourt would decline to find that Penal Code [s]ection 3051(h) is unconstitutional."

After the trial court provided its tentative ruling, defense counsel presented oral argument and acknowledged the limited nature of the appellate remand saying: "The reason I brought up all those issues just now, even though it's probably true what [the

6

prosecutor] says, that until you decide what you were going to do on the [section 12022.53] issue, there really wasn't necessarily room to bring those issues in. However, it was my opinion that the [c]ourt would prefer that I bring up all those issues, and that the [c]ourt make its decisions instead of waiting for that one decision, and then say, Oh, I'm sorry, I need to come back. So that was the reason that I put the things in the paper[s] that I needed to bring up." The court responded to defense counsel by saying: "In fairness, [the prosecutor] has also indicated in his papers that . . . this [c]ourt, at least, is form over substance, is not something that is good for judicial efficiency [*sic*]. So thank you. I'm quite comfortable ruling on all the issues, and if the Court of Appeal doesn't agree, that's perfectly fine. They can remand, and I'll follow their instruction."

Upon consideration of the parties' arguments, the trial court "adopt[ed] its tentative ruling, as previously indicated." The court stated further that Whitley's "original sentence is reinstated."

Whitley's defense counsel timely filed a notice of appeal.[7]

## II. DISCUSSION

Whitley raises a single claim of error: He contends that the exclusion of an offender from eligibility for a youth offender parole hearing under section 3051(h) based

---

[7] In the notice of appeal form, defense counsel endorsed a preprinted statement intended for an appeal "after entry of a plea of guilty or no contest or an admission of a probation violation." (Italics omitted.) That statement reads: "This appeal is based on the sentence or other matters occurring after the plea that do not affect the validity of the plea. (Cal. Rules of Court, rule 8.304(b).)" No other statement regarding the nature of Whitley's appeal (beyond the seemingly erroneous one quoted here) appears in the notice of appeal.

In this court, regarding appealability, Whitley states in his opening brief that his notice of appeal was filed "from an order made after judgment affecting the defendant's substantial rights. (Pen. Code, § 1237, subd. (b).)" Subsequently, in his answer to the district attorney's amicus brief, Whitley admits having erred in his statement of appealability and says, instead, that this "appeal was from the final judgment." Given Whitley's ultimate statement on appealability, we proceed with the understanding that Whitley is appealing from a final judgment of conviction entered on March 8, 2021, when the trial court reinstated his original sentence. (§ 1237, subd. (a).)

on his or her sentencing as a second-strike offender under the Three Strikes law (see §§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) is unconstitutional under equal protection principles. Whitley acknowledges that three published Court of Appeal opinions on the issue have rejected his argument: *People v. Wilkes* (2020) 46 Cal.App.5th 1159 (*Wilkes*); *People v. Moore* (2021) 68 Cal.App.5th 856 (*Moore*); and *People v. Delgado* (2022) 78 Cal.App.5th 95 (*Delgado*). Nonetheless, he asserts that for the purpose of section 3051, two-strikes offenders are similarly situated to youth offender parole-eligible offenders who do not have any prior strikes and, under either the strict scrutiny/compelling state interest standard or the rational basis standard, the statute's classification of offenders fails to pass constitutional muster. Whitley further asserts that "the judgment should be affirmed, except as to the ruling of constitutionality which should be reversed, such that [he] is declared eligible for parole consideration without regard to the [" 'strikes' "] exception in section 3051, subdivision (h)."

The Attorney General counters that this court should reject Whitley's facial constitutional challenge to section 3051(h) and affirm the judgment because "multiple-strike offenders are not similarly situated to non-recidivist youthful offenders" and "the Legislature had a rational basis for distinguishing between the two groups based on the greater likelihood of recidivism among prior-strike offenders."

With this court's permission, the district attorney filed an amicus curiae brief in support of the People asserting that Whitley's equal protection claim should be denied. As to the merits of Whitley's claim, the district attorney argues that "the Legislature's exclusion of persons sentenced under the Three Strikes Law has a rational basis because the Legislature did not have the statutory authority to include them." That is, Whitley's "minimum parole eligibility term in excess of section 3051's requirements was mandated by voter-enacted provisions that could not be amended, at least not with the less-than 2/3 votes obtained in the passage of section 3051."

8

In addition, the district attorney raises "questions as to whether the equal protection issue is even properly before this [c]ourt." The district attorney asserts that this court's remand order was limited and "did not contemplate a constitutional attack on the previously imposed judgment, especially a challenge that could have been brought in the original appeal of [Whitley]'s judgment." The district attorney further asserts that Whitley's claim of error is not ripe because "he has not been denied a youth offender parole hearing, and won't be eligible for one for another decade, at least."

In his answer to the amicus brief, Whitley urges this court to disregard the district attorney's "various claims that Mr. Whitley's facial unconstitutionality argument is forfeited and unripe" because "[i]t is well recognized that nonparties are not permitted to raise new issues that the parties have not argued." Alternatively, Whitley argues that his proposed remedy is a valid one in response to the unconstitutionality of section 3051's two/three strikes exclusion. Whitley further asserts, inter alia, that "the scope of the remittitur makes no difference to [his] unconstitutionality argument in this court. Even if the scope of the remittitur had been relevant here, it would have only affected the litigation in the trial court. The scope of a prior remittitur from this [c]ourt doesn't affect litigation in this [c]ourt."[8]

We first consider whether Whitley's equal protection claim is properly before us.[9]

---

[8] At oral argument, Whitley withdrew his additional assertion that the district attorney forfeited his current argument about the trial court's lack of authority to consider the challenge to section 3051(h). That withdrawal is well taken. As noted *ante* (pt. I.C.), the district attorney asserted in his statement in aggravation filed in the trial court that "Whitley's constitutional arguments" challenging section 3051 were "beyond the scope of the remand."

[9] We reject Whitley's argument that we should not address the scope of the remittitur because it was raised in this court in an amicus curiae brief. As we explain, the trial court lacked jurisdiction to address the youth offender parole issue based on the scope of our remittitur and the timing of the relevant statutory enactments. As the issue goes to the scope of this court's prior order, this court would have addressed it even if it was not raised by a party or other entity.

9

A. *Whitley's Claim of Trial Court Error is Not Properly Before This Court*

We begin with legal principles governing remand orders and subsequent appellate review. "Ordinarily, an appellate court has, among others, the power to remand a cause to the trial court 'for such further proceedings as may be just under the circumstances.' " (*People v. Flores* (2003) 30 Cal.4th 1059, 1065.) "It is well-established that '[t]he order of the reviewing court is contained in its remittitur, which defines the scope of the jurisdiction of the court to which the matter is returned.' [Citations.] In short, when an appellate court remands a matter with directions governing the proceedings on remand, ' "those directions are binding on the trial court and must be followed. Any material variance from the directions is unauthorized and void." ' " (*People v. Ramirez* (2019) 35 Cal.App.5th 55, 64, italics omitted (*Ramirez*); see also *People v. Lewis* (2004) 33 Cal.4th 214, 228 ["On remand, the lower court may act only within the[] express jurisdictional limits [of the remittitur]."].) "[T]he dispositional language of the opinion . . . constitutes the remittitur directions." (*Frankel v. Four Star International, Inc.* (1980) 104 Cal.App.3d 897, 902.)

"If the appellate court's order upon remand grants the trial court discretion whether to resentence and the court elects not to do so and leaves the prior sentence intact, there is no resentencing *at all*—and hence no need to address other possible errors in the sentence." (*People v. Walker* (2021) 67 Cal.App.5th 198, 204.) "In an appeal following a limited remand, the scope of the issues before the [appellate] court is determined by the remand order." (*People v. Murphy* (2001) 88 Cal.App.4th 392, 396–397 (*Murphy*), citing *People v. Deere* (1991) 53 Cal.3d 705, 713; *People v. Webb* (1986) 186 Cal.App.3d 401, 410.) We review de novo whether the trial court correctly followed remand directions. (See *Ruegg & Ellsworth v. City of Berkeley* (2023) 89 Cal.App.5th 258, 264; *Ayyad v. Sprint Spectrum, L.P.* (2012) 210 Cal.App.4th 851, 859 (*Ayyad*).)

In the disposition in *Whitley*, a panel of this court reversed the judgment and remanded the matter "for the limited purpose of [the trial court] exercising its discretion

10

under section 12022.53, subdivision (h), to determine if Whitley's firearm enhancement should be stricken in the furtherance of justice." (*Whitley*, *supra*, H043651, at pp. 75–76.) The panel also ordered that if the trial court declined to strike the firearm enhancement, it "shall reinstate the original sentence." (*Id.* at p. 76.)

Consistent with the remand order in *Whitley*, the trial court declined to strike or dismiss the firearm enhancement and reinstated Whitley's original sentence. Given the clarity and limited scope of the remand order, the trial court's further statement that it "would decline to find that Penal Code [s]ection 3051(h) is unconstitutional" was a hypothetical ruling. That is, the trial court's statement indicated how it would rule had this court's remand order in fact allowed for consideration of Whitley's claim. (See *People v. Slayton* (2001) 26 Cal.4th 1076, 1084 ["As a general rule, we do not issue advisory opinions indicating ' "what the law would be upon a hypothetical state of facts." ' "].) In addition, the trial court's ruling on the constitutionality of section 3051(h) is void and unauthorized because it varied materially from the remand order in *Whitley*. (See *Ramirez*, *supra*, 35 Cal.App.5th at p. 64; see also *Rice v. Schmid* (1944) 25 Cal.2d 259, 263 "[T]he trial court is bound by the directions given [in the remittitur] and has no authority to retry any other issue or to make any other findings. Its authority is limited wholly and solely to following the directions of the reviewing court."]; *Hanna v. City of Los Angeles* (1989) 212 Cal.App.3d 363, 376 [where the appellate court did not direct the trial court on remand to determine whether statutory violations had occurred, any such determination would be in excess of jurisdiction on remand].)

Because the trial court's jurisdiction on remand was clearly limited to exercising its discretion on the firearm enhancement and reinstating Whitley's sentence if it declined to strike the firearm enhancement, the trial court did not have the authority to consider Whitley's equal protection claim and thus could not have entered a valid ruling on the constitutionality of section 3051. (See *Ayyad*, *supra*, 210 Cal.App.4th at p. 862.)

11

In turn, because Whitley's equal protection challenge to section 3051 was not properly before the trial court for decision on remand, we conclude that his corresponding appellate claim is not cognizable and thus should not be addressed in this appeal. (See *Murphy*, *supra*, 88 Cal.App.4th at pp. 396–397.)

We have considered and are not persuaded by Whitley's various arguments that the remand order should not constrain our review of this appeal. Although we will not address each of Whitley's arguments in detail here, Whitley's reliance on *People v. Hargis* (2019) 33 Cal.App.5th 199, 208 (*Hargis*) to assert that the "scope of a prior remittitur from this [c]ourt doesn't affect litigation in this [c]ourt" is misplaced.[10]

In *Hargis*, the Court of Appeal addressed an argument concerning the limited nature of its remand order in the defendant's prior appeal. (See *Hargis*, *supra*, 33 Cal.App.5th at p. 204.) In the earlier appeal, the court affirmed the judgment but remanded the case for the trial court to conduct a proceeding under *People v. Franklin* (2016) 63 Cal.4th 261. (*Hargis*, at p. 202.) Thereafter, but before the remittitur issued and the judgment became final, the electorate enacted Proposition 57. (*Id*. at pp. 202–203, 204–205.) On remand, the trial court ruled that it had no jurisdiction to entertain the defendant's motion to have his case sent to the juvenile court pursuant to Proposition 57.

---

[10] Whitley's other arguments include: his facial constitutional challenge to section 3051 is "not subject to the usual rules of forfeiture" and "may therefore be raised for the first time in an appellate court," "courts have inherent constitutional authority, which exists independent of any statute, to decline to enforce a judgment that would be facially void because the statute on which it is based is void," "[p]arole eligibility is part and parcel of any criminal judgment [citations] so a judgment that incorporates an unconstitutional time to parole ineligibility that it is based on a facially unconstitutional statute is void, and a court has inherent jurisdiction to decline to enforce it," "a court has no jurisdiction to issue a judgment that incorporates a facially unconstitutional refusal of parole ineligibility," "accepting the [d]istrict [a]ttorney's argument would make this [c]ourt's prior remittitur itself unconstitutional, as an order that enforced a facially unconstitutional law," and "an argument of facial unconstitutionality that affects criminal punishment is properly considered on appeal, given that 'the constitutionality of legislation is always open to challenge on habeas corpus.' "

(*Id*. at p. 203.)  The defendant appealed.  Subsequently, "the California Supreme Court held that 'Proposition 57 applies to all juveniles charged directly in adult court whose judgment was not final at the time it was enacted.' " (*Ibid*.)  Regarding Proposition 57, the Court of Appeal observed, "it is indisputable that defendant, who was 16 years old at the time of the offenses of which he was convicted, is entitled to a juvenile fitness/transfer hearing pursuant to Proposition 57, as he was charged directly in adult court and his judgment was not final at the time the new law was enacted."  (*Id*. at pp. 204–205.)

The *Hargis* court, "[u]nder the unique circumstances of th[e] case," concluded that "the trial court should have entertained and granted defendant's motion for a juvenile fitness/transfer hearing."  (*Hargis*, *supra*, 33 Cal.App.5th at p. 207.)  The court stated that "[e]ntertaining the motion would not have required the trial court to disobey the remittitur."  (*Id*. at p. 208.)  The court explained that its limited remand was not a "straightjacket for the trial court" because the Proposition 57 issue "could not have been raised on defendant's prior appeal, and [it] concerned a change in the law that altered the court's authority to adjudicate defendant's case in criminal (adult) court in the first instance."  (*Id*. at p. 207.)  The court stated further that "even if the trial court properly concluded it lacked jurisdiction to entertain the motion, the Proposition 57 issue has now been brought before us.  The scope of our prior remand is no longer relevant to our analysis, as the law entitles defendant to a juvenile fitness/transfer hearing.  [Citation.] We are bound by the law to afford him that hearing, and so will conditionally reverse his convictions and sentence."  (*Id*. at p. 208.)

*Hargis* is materially distinguishable.  By the time of Whitley's initial sentencing in May 2016, section 3051 had been amended to apply to offenders who (like Whitley) were under age 24 at the time of their offenses, and the two/three strikes exclusion in section

13

3051(h) existed.[11]  (See Stats. 2015, ch. 471, § 1.)  Thus, Whitley could have challenged the constitutionality of section 3051(h) prior to the remand proceeding in this case.

Moreover, Whitley does not point us to any change in law that would require us to approve his claim and declare the recidivist exclusion in section 3051(h) unconstitutional.  In fact, decisions issued by other Courts of Appeal uniformly hold that the recidivist exclusion does not violate equal protection principles.  (See *Delgado*, *supra*, 78 Cal.App.5th at pp. 102–103 [concluding that the defendant was not entitled to a youth offender parole hearing as a matter of equal protection]; *Moore*, *supra*, 68 Cal.App.5th at p. 864 [concluding that "the differential treatment of youth offenders sentenced under the Three Strikes law for purposes of early parole consideration for youth offenders is rationally related to the legitimate governmental purpose of addressing recidivism and does not violate equal protection"]; *Wilkes*, *supra*, 46 Cal.App.5th at p. 1167 [holding that "the differential treatment of youth offenders sentenced pursuant to the Three Strikes law for purposes of youth offender parole hearings does not violate equal protection"].[12])

---

[11] "Youth offender parole hearings under section 3051 were established by the Legislature in 2013, following a series of United States and California Supreme Court cases addressing the constitutionality of lengthy prison sentences for juvenile offenders." (*In re Williams* (2020) 57 Cal.App.5th 427, 431.)  Before Whitley's May 2016 sentencing, "[e]ffective January 1, 2016, section 3051's provisions were extended to offenders who were under age 24 at the time of their offenses.  [Citation.]  Two years later, they were further extended to include offenders who were under age 26 when they committed their crimes."  (*Id.* at p. 432; see also *People v. Montelongo* (2020) 55 Cal.App.5th 1016, 1037–1039 (conc. opn. of Segal, J.) [discussing the history of section 3051(h)]; Stats. 2013, ch. 312, § 4 [adding § 3051]; Stats. 2015, ch. 471, § 1 [eff. Jan. 1, 2016]; Stats. 2017, ch. 675, § 1 [eff. Jan. 1, 2018]; Stats. 2017, ch. 684, § 1.5 [eff. Jan. 1, 2018]; Stats. 2019, ch. 577, § 2 [eff. Jan. 1, 2020].)

[12] The California Supreme Court denied review in *Moore* (Dec. 1, 2021, S271344) and *Wilkes* (July 15, 2020, S262431).  By contrast, our Supreme Court has granted review in cases involving other exclusions set forth in section 3051(h).  (See *People v. Hardin* (2022) 84 Cal.App.5th 273, 285–291, review granted Jan. 11, 2023, S277487 [holding that denying a youthful offender sentenced to life without the possibility of parole a youth offender parole hearing violates equal protection]; *People v. Williams*

14

Considering the differences between the circumstances in *Hargis* and the present case, and even assuming arguendo that Whitley's claim is excepted from usual forfeiture rules because it asserts a facial challenge to a purportedly unconstitutional sentence, we decide that the trial court's ruling on remand was unauthorized and void. Whitley's current appellate claim is not cognizable. We express no opinion on the merits of Whitley's equal protection claim or the propriety of any future reassertion of the claim.

Because Whitley raises no cognizable claim of trial court error in this appeal, we affirm the judgment of conviction.

## III. DISPOSITION

The judgment is affirmed.

---

(2020) 47 Cal.App.5th 475, 493, review granted July 22, 2020, S262229 [rejecting an equal protection challenge to section 3051(h)'s differential treatment of violent felony sex offenders sentenced under the one strike law].)

_____
                            Danner, J.

WE CONCUR:

_____
Bamattre-Manoukian, Acting P.J.

_____
Bromberg, J.

**H049307**
***People v. Whitley***