Filed 4/24/25  Ortega v. Carson Wild Wings CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JASMIN ORTEGA, | B338378 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC677388) |
| v. | |
| CARSON WILD WINGS, LLC, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Cherol J. Nellon, Judge.  Affirmed.

Troutman Pepper Hamilton Sanders, Troutman Pepper Locke, Keith J. Barnett and Elizabeth Holt Andrews for Defendant and Appellant.

Lebe Law, Jonathan M. Lebe, Zachary T. Gershman; Mesriani Law Group and Rodney Mesriani for Plaintiff and Respondent.

_____

Jasmin Ortega, a server at a restaurant owned by Carson Wild Wings (CWW), sued her employer for wrongful termination and related claims. She obtained summary adjudication on her sixth cause of action, for failure to produce personnel records; prevailed at trial on the other five causes of action; and was awarded compensatory and punitive damages, a statutory penalty, and attorney fees. We affirmed the penalty but reversed the judgment as to matters that had gone to trial, and consequently reversed the damages and fee awards. On remand, the trial court awarded Ortega attorney fees on the sixth cause of action, the only cause of action on which she ultimately prevailed. CWW appeals, contending our judgment on appeal precluded an award of any fees. We disagree and affirm the judgment.

## BACKGROUND

### A. Ortega's Employment

We summarize the facts only briefly here. A more complete recitation may be found in our prior opinion. (*Ortega v. Carson Wild Wings, LLC* [July 31, 2023, B309931] (*Ortega v. Carson Wild Wings*).)

CWW owned and operated Buffalo Wild Wings restaurant, at which Ortega worked as a server. In April 2017, CWW began the process of terminating Ortega's employment due to alleged misconduct.

After CWW decided to fire Ortega but before it completed the termination, she complained to managers about the restaurant's violation of meal and rest break requirements. CWW fired her three days later.

2

## B.    Lawsuit

Ortega sued CWW and two of its executives, asserting causes of action for wrongful termination, retaliation, infliction of emotional distress and, in her sixth cause of action, failure to produce wage statements and personnel records in violation of Labor Code sections 226 and 1198.5.[1]

The trial court granted Ortega's unopposed motion for summary adjudication of her sixth cause of action, and the matter went to jury trial on the remaining five causes.

At trial, Ortega's theory was that the timing of her termination, occurring as it did three days after she complained about meal and rest break violations, established CWW retaliated against her for the complaints.[2]

The jury credited this theory and rendered a verdict for Ortega on all claims, awarding $72,000 in lost earnings, $128,000 in noneconomic loss, and $100,000 in punitive damages, for a total of $300,000.  The court entered judgment for Ortega in this amount plus $1,500 in statutory damages for the undisputed claim involving Ortega's wage statements and personnel records, for a total of $301,500.

Ortega then moved for $583,896 in attorney fees and $22,022.57 in costs, specifically seeking fees in the amount of $10,553.25 for work related to her sixth cause of action.  By

---

[1] Undesignated statutory references are to the Labor Code.

[2] At the close of evidence, the court granted a directed verdict in favor of CWW's two executives on the ground that no evidence suggested they knew of the circumstances surrounding Ortega's complaints or termination.

3

minute order, the court awarded $291,948.00 in attorney fees, comprising the lodestar amount Ortega sought (hours worked multiplied by an hourly rate) but with no multiplier. The court denied Ortega's request for costs without prejudice. Although the record appears to contain no amended judgment incorporating the attorney fee award, CWW's counsel filed a notice of entry of judgment concerning only that award.

On appeal, we held the trial verdict was unsupported by substantial evidence because even though CWW fired Ortega after she complained about meal and rest break violations, unrebutted evidence showed not only that CWW decided to fire her before she made the complaints, but also that the manager making the decision did not know about the complaints until after the termination. Accordingly, we held there was no causal connection between the complaints and the termination.

We therefore affirmed the judgment insofar as it awarded Ortega $1,500 on her uncontested cause of action for failure to produce her personnel file but reversed "both the judgment and attorney fee award." (*Ortega v. Carson Wild Wings*, at p. *2.) Given this holding, we declined to reach CWW's further argument that the attorneys' fee award was improper.

Our disposition read as follows: "The judgment is affirmed insofar as it awards Ortega $1,500 on her cause of action for failure to produce her personnel file. Otherwise, the judgment, along with the damages and fee awards, are reversed."

Ortega petitioned for a rehearing and requested that we "correct the error reversing the entirety of the attorney fee award and instead remand this issue of attorneys' fees and costs to the trial court." We denied the petition without comment.

4

The Clerk of the Court issued our remittitur without directions, attaching our opinion thereto.

On remand, Ortega moved for $42,379.75 in attorney fees pursuant to sections 226 and 1198.5 for work related solely to her wage statement cause of action (plus $8,754.29 in costs). She supported the motion with her original lodestar calculations plus an additional lodestar for the post-appeal fees motion, and sought a 2.0 multiplier. CWW did not contest the hours or rates Ortega's counsel claimed.

The court found Ortega had a " 'statutory right' " to recover attorneys' fees, awarded her $23,035.75 in fees on her sixth cause of action (plus the $1,500 statutory penalty and $6,164.28 in trial costs). It awarded $32,682.11 in appeal costs to CWW.

CWW appeals from the judgment insofar as it includes an award of attorney fees.

## DISCUSSION

CWW argues that by reversing the entirety of the fee award in the prior appeal we explicitly held that Ortega was entitled to no attorney fees at all, a holding we implicitly confirmed by summarily denying Ortega's request for rehearing. CWW contends that by awarding Ortega attorney fees the trial court disregarded our disposition in the prior appeal, which it lacked authority to do. CWW further argues that section 226 does not authorize the type of fee shifting that the trial court engaged in here.

5

## A. The Trial Court had Jurisdiction to Award Attorneys' Fees on Remand

We review de novo whether a trial court has the authority to award attorney fees. (*Globalist Internet Technologies, Inc. v. Reda* (2008) 167 Cal.App.4th 1267, 1273.)

An employer must keep an employee's wage statements and personnel records for at least three years and provide them to the employee upon request. (§§ 226, subds. (a) & (b), 1198.5, subds. (b) & (c).) An employer that fails to do so is subject to a civil penalty. (§§ 226, subd. (f), 1198.5, subd. (k).) The employee may bring an action for injunctive relief to ensure compliance, and upon prevailing in that action is entitled to an award of costs and reasonable attorney's fees. (§§ 226, subd. (h) ["An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees"], 1198.5, subd. (*l*) ["A current or former employee may also bring an action for injunctive relief to obtain compliance with this section, and may recover costs and reasonable attorney's fees in such an action"].) There being no defined prerequisite for entitlement to fees in an action for injunctive relief, for example no requirement than an injunction actually issue, the plain reading of subdivisions (h) of section 226 and (*l*) of section 1198.5 is that fees may go to the prevailing party as that term is generally understood. (E.g., Code Civ. Proc., § 1032, subd. (a)(4) [prevailing party includes party who obtains a net monetary recovery or "other than monetary relief and in situations other than as specified . . . as determined by the court"].)

A reviewing court has authority to "affirm, reverse, or modify any judgment or order appealed from, and may direct the

proper judgment or order to be entered, or direct a new trial or further proceedings to be had." (Code Civ. Proc., § 43.) " 'The order of the reviewing court is contained in its remittitur, which defines the scope of the jurisdiction of the court to which the matter is returned.' [Citation.] 'The trial court is empowered to act only in accordance with the direction of the reviewing court; action which does not conform to those directions is void.' " (*Ayyad v. Sprint Spectrum, L.P.* (2012) 210 Cal.App.4th 851, 859 (*Ayyad*).)

"Where the directions to the trial court are ambiguous, they are interpreted in accordance with the views, reasoning, and holdings expressed in the opinion as a whole." (*In re Justin S.* (2007) 150 Cal.App.4th 1426, 1435.) "Whether the trial court correctly interpreted our opinion is an issue of law subject to de novo review. [Citations.] [¶] Our remittitur directions are contained in the dispositional language of our previous opinion. [Citation.] The trial court's interpretation of those directions is not binding on us. [Citation.] We look to the wording of our directions to determine whether the trial court's order comports with them." (*Ayyad*, *supra*, 210 Cal.App.4th at p. 859.)

Here, our remittitur vested the trial court with discretion to conduct further proceedings. As Ortega had prevailed on her cause of action under sections 226 and 1198.5 for CWW's failure to provide her wage statements and personnel records, and those sections entitle a prevailing employee to reasonable attorney fees, the trial court had discretion to award Ortega reasonable fees. Nothing in either our opinion or denial of Ortega's rehearing petition stated or implied that Ortega was entitled to no attorneys' fees. On the contrary, we expressly declined to reach CWW's argument that the attorney fee award was improper.

7

Given that Ortega was entitled to fees, and our opinion stating nothing to the contrary, the trial court properly awarded fees.

CWW characterizes the trial court's attorney fee award as a "two-part" award, one pertaining to Ortega's sixth cause of action and the other to the other five causes, and observes we did not differentiate between the two aspects of the award when we reversed it in full. CWW infers from this that we reversed each aspect of the award discretely, implying we expressly and independently reversed the award on the sixth cause of action.

We reject the premise. There was only a single award, in the amount of $291,948.00. Although Ortega was at the time entitled to fees under two discrete statutory schemes, and presented distinct lodestars for each, the award itself was unified, making no distinction between either the lodestars or the bases for entitlement to fees.[3]

It is true we could have simply confirmed the fee award as to Ortega's sixth cause of action. But because the matter had to be remitted for a calculation of appellate costs in any event, and given that a trial court enjoys discretion to apportion fees in a partial victory (*Bell v. Vista Unified School Dist.* (2000) 82 Cal.App.4th 672, 687) and that apportionment is partially dependent on the degree of success attained (*Save Our Uniquely Rural Community Environment v. County of San Bernardino* (2015) 235 Cal.App.4th 1179, 1185), we felt the better course was to remand the entire matter to afford the court an opportunity to

---

[3] CWW argues that we recognized the two-part nature of the fee award by referring in the opinion to plural "fee awards." Actually, the reference was to "damages and fee awards," i.e., to a damages and a fee award, not to multiple fee awards. Whenever we referred only to the fee award, we did so in the singular.

apportion fees in light of the new judgment, its discretion unencumbered by an immutable fee award.

## B.     Ortega had a Statutory Right to Attorney Fees

CWW argues the attorney fee award was unauthorized because subdivision (h) of section 226 permits a prevailing employee to obtain attorney fees only when the employee procures injunctive relief, which Ortega did not obtain.

We need not reach this issue because Ortega was also entitled to attorneys' fees under section 1198.5.  She sought fees pursuant to both this section and section 226, and the court found she had a " 'statutory right' " to them.  It is therefore immaterial whether section 226 authorizes fees.

CWW argues that even if section 1198.5 entitles Ortega to attorneys' fees she cannot seek them pursuant to that statute, either because she failed to do so in her original motion or because the original trial court awarded fees only under section 226.  CWW offers no authority in support of the argument, and we are aware of none.  CWW argues that by reversing the fee award in our prior opinion we somehow disapproved of fees under section 1198.5.  As discussed above, we did not.

## C.     CWW has not Preserved the Question Whether the Fee Award Constituted an Abuse of Discretion

CWW argues without explanation that the final fee award, which more than doubled the original award attributable to the sixth cause of action, was an abuse of discretion.  When an appellant fails to support a point with reasoned argument and citations to authority, we treat the point as forfeited.  (*People v. Stanley* (1995) 10 Cal.4th 764, 793.)

9

## DISPOSITION

The judgment is affirmed.  Respondent is to recover her costs on appeal.

NOT TO BE PUBLISHED

M. KIM, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.